Gloria **HUBERMAN** and Barry
**Huberman, Plaintiffs,**

v.

**DUANE FELLOWS, INC.** and The City
of New York, Defendants.

**DUANE FELLOWS, INC.,**
**Third–Party Plaintiff,**

v.

**123 WEST BROADWAY CORP.,**
**Third–Party Defendant.**

**No. 87 Civ. 8573 (PKL).**

United States District Court,
S.D. New York.

Nov. 29, 1989.

David Jaroslawicz, New York City, for plaintiffs.

Barry, McTiernan & Moore (Michael F. Close, of counsel), New York City, for third-party defendant.

Joseph W. Conklin (Kenneth C. Suria, of counsel), New York City, for third-party plaintiff.

## ORDER & OPINION

LEISURE, District Judge:

Plaintiff Gloria Huberman allegedly sustained injuries when she slipped and fell on ice at or near the premises owned by defendant Duane Fellows, or upon the sidewalk maintained by defendant New York City. Gloria Huberman and her husband brought suit in federal court under the diversity statute, 28 U.S.C. § 1332, against both defendants for negligence in maintaining their properties. Defendant Duane Fellows thereupon filed a third-party complaint against the 123 West Broadway Corporation for contribution and indemnity. Third-party defendant 123 West Broadway, which is a non-diverse party in relation to third-party plaintiff, now seeks dismissal of the impleader claim against it on the ground that an independent basis of subject matter jurisdiction is needed to bring a new party into a federal court action.

## DISCUSSION

Third-party defendant 123 West Broadway argues that a recent Supreme Court case, *Finley v. United States,* —— U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), calls into question the power of federal courts to resolve claims against third-party defendants under the impleader rule, Fed.R.Civ.P. 14(a). In *Finley,* the Court held that a plaintiff could not join non-government defendants in an action brought in federal court against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). As will be discussed below, *Finley* does contain broad language on the limits of pendent-party jurisdiction. But third-party defendant in the case at bar asks this Court to take a precedential leap unsupported by current case law.

Federal Rule of Civil Procedure 14(a), the impleader rule, provides that "[a]t any time after commencement of the action a de-

fending party ... may cause a summons and complaint to be served upon a person not party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The rule was " 'designed to eliminate multiple and repetitive lawsuits and trials by allowing for a single presentation of evidence when multiple claims turn upon identical or similar proof.' " *National Bank of Canada v. Artex Industries, Inc.*, 627 F.Supp. 610, 613 (S.D.N.Y.1986) (*quoting Sirota v. Solitron Devices, Inc.*, 97 F.R.D. 732, 736 (S.D. N.Y.1983)); *see also* Wright & Miller, *Federal Practice and Procedure*, § 1442 at 202–3 (1971).

Federal courts have long recognized an independent basis of jurisdiction over claims made by third-party plaintiffs against third-party defendants under Fed. R.Civ.P. 14(a). *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978); *Oneida Indian Nation of New York v. Oneida County*, 719. F.2d 525, 542–43 (2d Cir.1983); *Agrashell, Inc. v. Bernard Sirotta Company*, 344 F.2d 583, 585 (2d Cir. 1965); *Dery v. Wyer*, 265 F.2d 804, 807 (2d Cir.1959); *Morse/Diesel, Inc. v. Trinity Industries Inc.*, 655 F.Supp. 346, 352 (S.D.N. Y.1987). Indeed, "[t]he cases on point almost all hold that defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts." Wright & Miller, *Federal Practice and Procedure*, § 1444 at 223 (1971 and Supp. 1989).

Third-party defendant insists that *Finley v. United States* rejects this settled practice. In *Finley*, the plaintiff's husband and two children were killed when their plane struck electric transmission lines while approaching a San Diego airfield. Initially, the plaintiff brought a tort action in state court against the San Diego Gas and Electric Company for negligent positioning of the power lines, and against the City of San Diego for inadequate illumination of the runway lights. The plaintiff later discovered that the Federal Aviation Administration had in fact been responsible for operation and maintenance of the runway lights. She then filed an action against the United States in the U.S. District Court for the Southern District of California under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). One year later, the plaintiff moved to amend the federal complaint to include claims against the original state-court defendants with no independent basis for federal court jurisdiction over them.

The Supreme Court rejected this attempt to obtain federal pendent jurisdiction. The Court declined to extend the logic of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which allowed pendent-claim jurisdiction to the full extent permissible under the Constitution, to attempts to join new parties into the lawsuit. *Finley, supra,* 109 S.Ct. at 2006–07. In making an unambiguous distinction between pendent-claim and pendent-party jurisdiction, the Court ruled that " 'neither the convenience of the litigants nor consideration of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction.' " *Finley, supra,* 109 S.Ct. at 2008, (*quoting Kroger, supra,* 437 U.S. at 376–77, 98 S.Ct. at 2404).

The *Finley* Court also noted that the text of the statute in question failed to establish jurisdiction over the non-federal defendants. The FTCA confers jurisdiction over "civil actions on claims against the United States." 28 U.S.C. § 1346(b). The Court refused to extend the principles of ancillary jurisdiction to permit joinder of the non-federal defendants in federal court under the FTCA.

There is nothing in *Finley* to suggest that the Supreme Court has called into question the jurisdictional power of federal courts over third-party defendants under the impleader rule. An impleader claim is not a pendent-party claim of the type that the Supreme Court limited in *Finley*. In *Finley*, the plaintiff was attempting to bring non-federal defendants into a federal action based on a statute which is explicitly written to allow jurisdiction over only federal defendants. In the case at bar, a defendant is attempting to join a third-party defendant under the impleader rule which explicitly allows such an inclusion. The justice of the impleader rule is that it allows a defendant, who is itself in federal court against its will, to bring in parties

who in fact may be more responsible to the plaintiff. There is no danger of a plaintiff manipulating its litigation strategy to join a host of pendent parties, over whom there is no independent basis of federal jurisdiction, into a federal court action.

Third-party defendant 123 West Broadway points to a statement in the Court's peroration in *Finley:* "All our cases—*Zahn, Aldinger,* and *Kroger*—have held that a grant of jurisdiction over claims involving particular parties does not in itself confer jurisdiction over additional claims by or against different parties. Our decision today reaffirms that interpretive rule; the opposite would sow confusion." *Finley, supra,* 109 S.Ct. at 2010 (*citing Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); and *Kroger, supra,* 437 U.S. 365, 98 S.Ct. 2396). Third-party defendant interprets this language as refuting the established principles of impleader and overruling a host of cases which have found federal jurisdiction over third-party defendants to exist in impleader cases.

This broad statement, like any generalization in a judicial opinion, must be read against the facts of the case. The facts of all four Supreme Court cases at issue are easily distinguishable from impleader situations. In all of the cases, a federal plaintiff was attempting to bring into federal court more defendants over whom there was no independent basis of federal jurisdiction.

In *Zahn,* a plaintiff class brought suit in federal court under the diversity statute, 28 U.S.C. § 1332(a)(1), but each class member did not have a claim of $10,000 or more, then the jurisdictional minimum, against the defendant. The Court refused to allow the plaintiff class to continue unless each class member's claim surpassed the jurisdictional minimum. In preventing a plaintiff class from distending the rules of pendent-party jurisdiction, the Court noted that " 'one plaintiff may not ride in on another's coattails.' " *Zahn, supra,* 414 U.S. at 301, 94 S.Ct. at 512 (*quoting Zahn v. International Paper Company,* 469 F.2d 1033, 1035 (2d Cir.1972)).

*Aldinger* involved a federal question suit brought under 42 U.S.C. § 1983. The plaintiff brought federal claims against individual defendants under § 1983, and then sought to include state law claims against Spokane County, Washington which arose out of the same facts. The Court held that since suits under § 1983 could only be brought against "persons," and there was no independent basis of federal jurisdiction over the county, all claims against the county should be dismissed. As in *Finley,* the Court declined to extend the logic of pendent-claim jurisdiction, as set out in *United Mine Workers v. Gibbs,* to pendent-party jurisdiction. *Aldinger, supra,* 427 U.S. 9, 13–14, 96 S.Ct. at 2418, 2419–2420. But the Court explicitly backed away from stating any general jurisdictional principles, or distinguishing conceptually pendent from ancillary jurisdiction, due to the "countless factual permutations possible under the Federal Rules." *Id.* at 13, 96 S.Ct. at 2420.

*Kroger* was a diversity action for wrongful death. The defendant brought a third-party action against a non-diverse corporation and then successfully filed a motion for summary judgment. The plaintiff was thus left in federal court with non-federal claims against a non-diverse defendant. The Supreme Court called for strict construction of the diversity statute and dismissed the complaint against the corporation for lack of jurisdiction. *Kroger, supra,* 437 U.S. at 377, 98 S.Ct. at 2404. As in the other cases, the *Kroger* Court rejected a broad application of the *Gibbs* language allowing pendent-claim jurisdiction over all claims arising from a given set of operative facts. *Id.* at 372–73, 98 S.Ct. at 2401–02.

The Supreme Court in *Kroger* explicitly distinguished impleader practice from the disallowed attempt by the plaintiff to continue a diversity suit when diversity had ended. The Court noted two key differences: "First, the nonfederal claim in this case was simply not ancillary to the federal one in the same sense that, for example, the impleader by a defendant of a third-party defendant is." *Id.* at 376, 98 S.Ct. at 2404. The Court continued:

Second, the nonfederal claim here was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in federal court. By contrast, ancillary jurisdiction typically involves claims by a defending party hailed into court against his will.... A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations.

*Id.* The *Kroger* Court explicitly took impleader out of the scope of its ruling, and, since *Finley* only makes neutral references to impleader, this Court cannot find that the Supreme Court has called for the rollback of impleader jurisprudence.[1]

In *Community Coffee Co., Inc. v. M/S Kriti Amethyst*, 715 F.Supp. 772 (E.D.La. 1989), the court ordered that third-party plaintiffs show cause why their complaint for indemnity and contribution should not be dismissed for lack of subject matter jurisdiction in light of *Finley*. The court interpreted *Finley* as denying jurisdiction in all pendent-party cases, including impleader cases, unless a statute explicitly granted jurisdiction. *Community Coffee, supra*, 715 F.Supp. at 774. In asking for further submissions on the issue, the court held that "the ancillary jurisdictional basis for the third party claims ... may have been caught in the wide swath *Finley* cut into supplemental jurisdiction. While the *Finley* majority may well have intended to address specifically the pendent party jurisdiction problem, the opinion's sweeping language is undeniable." *Id.* This Court does not share the doubts of the *Community Coffee* court and does not read *Finley* as threatening jurisdiction over impleaded third-party defendants.

The case at bar presents a traditional model of third-party practice where a defendant in a diversity action impleads a potentially more responsible party. Third-party plaintiff Duane Fellows is not in federal court by choice but rather involuntarily due to the lawsuit brought against it. It would be unjust, inefficient, and contrary to precedent to dismiss the third-party complaint against 123 West Broadway. This Court will not disavow years of impleader practice until clear signals are heard from the courts above.

### CONCLUSION

Third-party defendant 123 West Broadway's motion to dismiss the claims against it for lack of subject matter jurisdiction is denied.

SO ORDERED.

---

**1.** In his dissent in *Finley*, Justice Stevens argued that since the FTCA authorized suits against the United States, it also created jurisdiction over private defendants joined by the plaintiff. *Finley, supra*, 109 S.Ct. at 2013. Justice Stevens noted that "Rule 14(a) of the Federal Rules of Civil Procedure expressly authorizes the defendant to implead joint tortfeasors, and this Rule is applicable to FTCA cases." *Id.* In the majority opinion, Justice Scalia flatly disagreed with Justice Stevens' interpretation of the FTCA and claimed that the impleader rule did not in any way support Justice Stevens' position. *Id.* at 2009 n. 6. Though Justice Scalia pointed out that the Federal Rules of Civil Procedure "shall not be construed to extend ... the jurisdiction of the United States district courts," Fed.R.Civ.P. 82, his reference to the impleader rule was to distinguish it from the facts of *Finley*, rather than challenge the jurisdictional power of district courts in traditional impleader situations where a defendant files a third-party complaint. *Id.*