**OLAN MILLS, INC. and Professional Photographers of America, Inc., Plaintiffs,**

v.

**HY–VEE FOOD STORES, INC. d/b/a Drug Town,[1] Defendant.**

**LINN PHOTO CO., Defendant/Third–Party Plaintiff,**

v.

**Michael C. WILLIAMS and Williams Investigations & Security, Third–Party Defendants.**

**No. C89–0004.**

United States District Court, N.D. Iowa, Cedar Rapids Division.

Jan. 4, 1990.

---

**1.** On May 15, 1989, plaintiffs and Hy–Vee entered into a consent judgment and order. On July 27, 1989, plaintiff's action solely against Linn Photo (C89–0005) was consolidated into this action.

James C. Nemmers, Cedar Rapids, Iowa, David Ladd, David E. Leibowitz, Thomas W. Kirby, Bruce G. Joseph, Washington, D.C., for plaintiffs.

Donald H. Zarley, Michael G. Voorhees, Patricia Sweeney Garms, Des Moines, Iowa, for defendant Hy–Vee Food Stores.

Kelly R. Baier, Steven D. Nelson, Cedar Rapids, Iowa, Richard M. Calkins, Des Moines, Iowa, for defendant Linn Photo Co.

Kevin Shea, Cedar Rapids, Iowa, Thomas W. Kirby, Washington, D.C., for defendant Michael Williams and Williams Investigation & Security.

HANSEN, District Judge.

This matter is before the court on plaintiffs' resisted motion for summary judgment of liability on the copyright claims, filed July 17, 1989; defendant Linn Photo's request for oral argument, filed August 9, 1989; defendant Linn Photo's resisted application for leave to file response to plaintiffs' reply brief, filed September 8, 1989; and third-party defendants' suggestion that the court lacks subject matter jurisdiction of the third-party complaint, filed October 3, 1989.

With regard to Linn Photo's application for leave to file response, the court finds that, although portions of the proposed response reiterate arguments already made, most of the response addresses arguments raised for the first time in plaintiffs' reply, filed August 29, 1989. Consequently, Linn Photo's application will be granted. The court will construe plaintiffs' resistance to defendant's application, filed September 20, 1989, to be a reply to the response.

### I. *Motion for Summary Judgment*

A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986). Once the movant has properly supported its motion, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The nonmovant may not simply rest on the hope of discrediting the movant's evidence at trial. *Matter of Citizens Loan & Sav. Co.*, 621 F.2d 911, 913 (8th Cir.1980). "To preclude the entry of summary judgment, the nonmovant must show that, on an element essential to [its] case and on which [it] will bear the burden of proof at trial, there are genuine issues of material fact." *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Although "direct proof is not required to create a jury question, ... to avoid summary judgment, 'the facts and circumstances relied upon must attain the dignity of substantial evidence and must not be such as merely to create a suspicion.'" *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 798, 88 L.Ed.2d 774 (1986) (quoting *Impro Products, Inc. v. Herrick*, 715 F.2d 1267, 1273 (8th Cir.1983), *cert.*

*denied,* 465 U.S. 1026, 104 S.Ct. 1282, 79 L.Ed.2d 686 (1984)). In applying these standards, the court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the evidence. *Krause v. Perryman,* 827 F.2d 346, 350 (8th Cir.1987).

#### a. Facts

The undisputed facts of this matter are essentially as follows. Plaintiff Olan Mills is a Delaware corporation with its principal place of business in Tennessee. Olan Mills operates numerous portrait photography studios throughout the United States. Plaintiff Professional Photographers of America (PPA) is a Delaware corporation with its principal place of business in Illinois. PPA is a professional association of photographers. Defendant Linn Photo is an Iowa corporation with its principal place of business in Iowa. Linn Photo sells photographic equipment and supplies, develops print and slide film, and reproduces photographs.[2] In December of 1987, and January of 1988, an investigator hired by plaintiffs, Michael C. Williams, presented two photographs to Drug Town, who in turn presented the photographs to Linn Photo, and two photographs directly to Linn Photo for enlargement and reproduction. Linn Photo enlarged and reproduced each of these four photographs. Prior to presentation to Drug Town and Linn Photo, plaintiff Olan Mills registered each with the United States Copyright Office. Each of these photographs contained a copyright notice identifying Olan Mills as owner of the copyright. For at least three of these photographs, plaintiffs' investigator signed a "Permission to Copy Agreement" which states:

THIS IS TO STATE THAT I AM THE OWNER OF THIS PHOTOGRAPH, AND HAVE NOT GIVEN ANY ONE ELSE PERMISSION TO COPYRIGHT THIS PHOTO. I AM SUBMITTING IT TO LINN PHOTO CO. FOR A COPY AT MY REQUEST. THIS COPY IS FOR MY PERSONAL USE, AND I AGREE TO HOLD HARMLESS, LINN PHOTO CO. OR ANY OF IT'S AGENTS, FROM ANY LIABILITY ARISING FROM THE COPYING OF THIS PHOTOGRAPH.

The parties dispute whether a "Permission to Copy Agreement" was signed for the fourth photograph, but for purposes of the resolution of plaintiffs' motion for summary judgment, and giving the nonmoving party the benefit of all reasonable inferences, the court will assume that the "Permission to Copy Agreement" was executed for the fourth photograph.

Plaintiffs, in their motion, seek "summary judgment in favor of plaintiffs that defendant Linn Photo has infringed plaintiffs' copyrights in Photographs A through D" and "a declaration that Federal law prohibits defendants from reproducing or publicly distributing copies of professionally created portrait photographs without the consent of the professional photographer or photographic studio." Plaintiffs' motion for summary judgment of liability on the copyright claims, filed July 17, 1989, at 2–3. Pursuant to 17 U.S.C. § 411(a),

> no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title.

Defendant argues that, since there is no evidence that any photographs other than the four presented in this case are registered with the Copyright Office, plaintiffs' request for declaratory relief must fail. Plaintiffs appear to have abandoned their request for declaratory judgment and state "[f]or these reasons, the Court should grant summary judgment that the four specific copyrights in suit were infringed pursuant to a pattern of infringing conduct. In so holding, the Court should reject Linn's theory that portrait subjects commonly are joint authors." Reply to Linn's opposition to summary judgment on the copyright issue, filed August 29, 1989. Additionally, the parties have not addressed the propriety of granting declaratory relief with respect to photographs

---

**2.** Plaintiffs assert, and Linn Photo denies, that Linn Photo solicits the public for orders for reprints of portrait photographs. However, this factual dispute is not relevant for the purpose of deciding the pending summary judgment motion.

which have not been registered with the United States Copyright Office. Accordingly, the court will view plaintiffs' motion for summary judgment as seeking judgment only on the four registered photographs.

### b. Consent

■ Linn Photo presents several arguments as to why summary judgment is inappropriate. Many of these arguments are legal rather than factual and will not be addressed by this court at this time.[3] However, there is at least one major issue of fact which precludes summary judgment. That is whether plaintiffs' investigator had actual authority[4], either express or implied, to give Olan Mills' consent to the reproduction of the photograph and whether such consent was given to Linn Photo.

As previously noted, it is undisputed that Mr. Williams was hired by plaintiffs to present the photographs to Drug Town and Linn Photo. The photographs were of children of Olan Mills employees. *See* deposition of David P. Phillips, Olan Mills' General Counsel, at 35–37. The written instructions given to Mr. Williams state, in part:

> When seeking reprints, the sales person may ask you to sign a form releasing them from any liability or responsibility for making the reprints. In such a case, sign the form, make sure that you receive a copy either then or when your reprint order is ready for pick-up.

*See* exhibit 11 to defendant's opposition to motion for summary judgment, filed August 9, 1989. Mr. Williams testified that he signed the Linn Photo "Permission to Copy Agreement[s]" in accordance with his instructions from plaintiffs. Deposition of Michael C. Williams, June 1, 1988, at 48.

"It is only where the facts are not in dispute and there is no real issue for the jury to resolve that the trial court should rule on the agency issue as a matter of law." *Northern v. McGraw–Edison Co.*, 542 F.2d 1336, 1343 (8th Cir.), *cert. denied* 429 U.S. 1097, 97 S.Ct. 1115, 51 L.Ed.2d 544 (1976). "The existence of an agency relationship, as well as the scope of the agent's authority, is a question of fact to be decided by the jury." *Federal Savings and Loan Insurance Corp. v. Shearson–American Express, Inc.*, 658 F.Supp. 1331, 1339 (D.Puerto Rico 1987) (citing cases). *See generally* 2 Fletcher Cyclopedia Corporations § 437.5 (1982). Consequently, whether or not Mr. Williams had authority to give Olan Mills' consent to copy the photographs is an issue of fact which must be left for the jury.

Plaintiffs refer to a line in this court's order of June 27, 1988, which states that "the court is not convinced that the 'permission to copy agreement' utilized by Linn Photo has the exonerating legal effect asserted by Hy–Vee." Order, filed June 27, 1988, at 3. This statement was made in ruling on Hy–Vee's motion to dismiss for failure to state a claim. Hy–Vee argued that, "as a matter of law, plaintiff Olan Mills' copyright was not infringed upon because the copying done by defendants was authorized by the copyright owner." *Id.* at 2. The court did not find that the "Permission to Copy Agreement" was either legally sufficient or insufficient[5] for Olan Mills, through Mr. Williams, to authorize the copying of the photographs, and did not discuss whether Mr. Williams had the authority to authorize reproductions of the photographs.

Plaintiffs cite several cases for the proposition that an investigator's placement of a reproduction order does not authorize copying. Plaintiffs first cite *Olan Mills, Inc. v. Eckerd Drugs of Texas, Inc.*, Memorandum Opinion and Order, Copyright L.Rep. (CCH) ¶ 26,420, 1989 WL 90605

---

3. Defendant argues that plaintiffs come to this court with unclean hands. While the court is concerned with this allegation, it is the court's view that it is unnecessary to discuss this issue in order to resolve plaintiffs' motion.

4. As it appears that Linn Photo did not know of the relationship between plaintiffs' investigator

and plaintiffs at the time it accepted the photographs, a theory of apparent authority is inapplicable.

5. The parties have not directly addressed this issue in their briefs.

(N.D.Tex. April 20, 1989), a case in which photographs were presented by plaintiffs' agents for reproduction. The court has examined this opinion and finds that it does not address the argument regarding consent raised by defendant. Plaintiffs also cite *RCA/Ariola International, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773 (8th Cir.1988), a case where liability was found and in which investigators requested the copying of cassette tapes. However, in *RCA/Ariola* it does not appear that the investigators signed any type of release or agreement. *See id.* at 777. The same is true of the other cases cited by plaintiffs. Consequently, these cases may be distinguished from the facts of the present matter.

### c. *Joint Authorship*

Defendant has also raised the issue of whether, with respect to each of the four photographs and with respect to Olan Mills' photographs in general, Olan Mills and the subjects in each photograph are joint authors and therefore co-owners of the copyright.

> Joint authors co-owning copyright in a work 'are deemed to be tenants in common,' with 'each having an independent right to use or license the copyright, subject only to a duty to account to the co-owner for any profits earned thereby.'

*Community for Creative Non–Violence v. Reid*, 846 F.2d 1485, 1498 (D.C.Cir.1988), *aff'd* — U.S. ——, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) (citing W. Patry, Latman's The Copyright Law 116 (6th ed. 1986)).

The court concludes that it need not resolve this issue. The subjects in the four photographs involved did not present the photographs to Linn Photo for reproduction. The photographs were presented by Mr. Williams. Linn Photo contends that Mr. Williams was acting as an agent for Olan Mills. Neither party contends that Mr. Williams was acting as an agent for the subjects. Consequently, whether or not the subjects of these four photographs are joint authors and therefore co-owners of the copyright with the power to authorize reproduction is irrelevant. The primary issue to be resolved in this case is whether Mr. Williams was an agent of Olan Mills with the authority to authorize (by virtue of Olan Mills copyright interest, whether joint or sole) reproduction of the four photographs.

### II. *Suggestion re: Jurisdiction*

Third-party defendants ("Williams") suggest, pursuant to Fed.R.Civ.P. 12(h)(3), that the third-party complaint, which presents state law claims based on fraud and indemnification, should be dismissed for lack of subject matter jurisdiction. Third-party plaintiff Linn Photo has submitted a response to this suggestion. There is no diversity between Linn Photo and Williams. Linn Photo asserts jurisdiction is proper because this court has ancillary jurisdiction over the third-party complaint based upon the federal claims alleged in the complaint. Third-party defendants cite *Finley v. United States*, —— U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), in support of their position that this court lacks subject matter jurisdiction over the third-party complaint. *Finley* held that the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which permits suits grounded in tort against the United States, does not permit the assertion of pendent jurisdiction over additional parties. The *Finley* court stated that a "grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties." 109 S.Ct. at 2010. In order for a federal district court to exercise jurisdiction, the "Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it.*" *Id.* at 2006 (quoting *The Mayor v. Cooper*, 6 Wall. 247, 252, 18 L.Ed. 851 (1868)). "[W]ith respect to the addition of parties, . . . we will not assume that the full constitutional power had been congressionally authorized, and will not read jurisdictional statutes broadly." *Finley*, 109 S.Ct. at 2007. Jurisdiction over plaintiffs' copyright claims is conferred by 28 U.S.C. § 1338(a), which confers original, exclusive jurisdiction to the United States district courts. In *Microcomputer Workshops Corp. v. Mindscape, Inc.*, 1989 WL 106684,

1989 U.S. Dist. LEXIS 10905 (N.D.Ill. September 14, 1989), the court held "that under *Finley* the grant of exclusive copyright jurisdiction in 28 U.S.C. § 1338(b) and of diversity jurisdiction in 28 U.S.C. § 1332 do not include any authorization for a federal court to exercise pendent party jurisdiction." *Id.* at LEXIS 5. This court finds that the rationale of *Mindscape* and *Finley* applies to 28 U.S.C. § 1338(a). This court finds no authorization in the text or legislative history of § 1338(a) for this court to exercise pendent party jurisdiction over the third-party complaint. Consequently, this court has no subject matter jurisdiction over the third-party complaint by virtue of 28 U.S.C. § 1338(a).

■ Linn Photo argues that ancillary jurisdiction pursuant to Fed.R.Civ.P. 14(a) over the third-party complaint exists. This rule allows

a defending party, as a third-party plaintiff, [to] cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

In *Huberman v. Duane Fellows, Inc.*, 725 F.Supp. 204 (S.D.N.Y.1989), it was stated that "[t]here is nothing in *Finley* to suggest that the Supreme Court has called into question the jurisdictional power of federal courts over third-party defendants under the impleader rule." *Id.* at 205. The *Huberman* court reasoned that "courts have long recognized an independent basis of jurisdiction over claims made ... under Fed.R.Civ.P. 14(a)." *Id.* at 205. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1977). In *Community Coffee Co., Inc. v. M/S Kriti Amethyst*, 715 F.Supp. 772, 774 (E.D.La.1989), it was held that *Finley* eliminated any ancillary jurisdiction pursuant to Rule 14(a) for indemnity claims. The *Community Coffee* court reasoned that, because "[n]o statute specifically authorizes ancillary jurisdiction

over 'additional parties' impleaded for contribution or indemnity under Rule 14(a)," *Finley* eliminated the exercise of ancillary jurisdiction under Rule 14(a). This court finds the reasoning of *Huberman* to be more persuasive and holds that *Finley* did not destroy ancillary jurisdiction pursuant to Fed.R.Civ.P. 14(a), and agrees with *Huberman* that the courts should "not disavow years of impleader practice until clear signals are heard from the courts above." *Huberman*, at 207.

Linn Photo's claim against Williams for indemnification, based upon Williams' signing of Linn Photo's "Permission to Copy Agreement," squarely fits under Fed.R.Civ.P. 14(a). Essentially, the argument is that if Linn Photo is liable to Olan Mills for any copyright violation, Williams has agreed to hold Linn Photo harmless for such liability. Consequently, Rule 14(a) ancillary jurisdiction over the indemnity claim exists.

The state law fraud claim presented against Williams is more problematic. Although Linn Photo's claim is couched in terms designed to bring this claim under Rule 14(a) and may very well fit under Rule 14(a), it does not squarely fit. Chief Magistrate John A. Jarvey, in granting Linn Photo's motion for leave to file the third-party complaint, viewed the entirety of the third-party complaint as falling under Rule 14(a). The court will, at this time, decline to hold that the state law fraud claim does not fit under Rule 14(a) ancillary jurisdiction,[6] but will allow third-party defendants to raise and brief the issue if they so choose. If third-party defendants desire to do so, they should file any appropriate motion and brief within thirty (30) days of the date of this order.

## ORDER

Accordingly, It Is Ordered:

1. Defendant Linn Photo's request for oral argument, filed August 9, 1989, is denied.

---

6. The court also notes, but does not discuss, the possibility that pendent claim jurisdiction may

exist over the fraud claim.

2. Defendant Linn Photo's application for leave to file response to reply brief, filed September 8, 1989, is granted.

3. Plaintiffs' motion for summary judgment, filed July 17, 1989, is denied.

Done and Ordered.