FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Plaintiffs,

v.

Irving LOUBE, et al., Defendants.

No. C–89–2600 SAW.

United States District Court, N.D. California.

Jan. 10, 1991.

Marron, Reid & Sheehy, Morris Baller, Martin Dodd, San Francisco, Cal., for plaintiffs.

Gibson, Dunn & Crutcher, Morrison & Foerster, San Francisco, Cal., Loube, Lowen, Klein & Sack, Oakland, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

This case arises out of the failure of the First Security Savings Bank ("First Security"). Defendant Irving Loube was director, chairman, and one of the shareholders of First Security.

On July 21, 1988, the Federal Home Loan Bank Board appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as receiver for First Security. FSLIC–Receiver then assigned all claims First Security might have against its former officers, directors, shareholders, or controlling persons to the FSLIC in its corporate capacity. FSLIC–Corporate filed this suit. On December 21, 1989, the Federal Deposit Insurance Corporation ("FDIC"), as the statutory successor to FSLIC, was substituted as plaintiff in this case.

Plaintiff's claims against defendants arise from three sets of allegations. First, plaintiff alleges that defendants allowed Thomas Day (shareholder, director, and president of First Security) to avoid paying a promissory note to First Security in the amount of $331,000. Day had executed this note, at FSLIC's insistence, to repay

excessive compensation he had previously received. Second, plaintiff alleges that while Day was in default on his note, defendants granted him and another First Security officer excessive bonuses for 1985, resulting in an additional loss of about $90,000 to First Security. Third, plaintiff alleges that defendants allowed First Security's management to engage in unreasonably speculative securities investments without adequate guidance, resulting in a loss to First Security in excess of $11 million. Plaintiff sues for fraud, negligence, negligent breach of fiduciary duty, and intentional breach of fiduciary duty.

Defendant Loube filed and served a third-party complaint against KPMG Peat Marwick ("Peat Marwick"), a firm of certified public accountants, alleging that, in the event plaintiff should prevail against said defendant on the portion of plaintiff's allegations regarding improper accounting, then third-party defendant Peat Marwick would be liable to indemnify defendant/third-party plaintiff Loube for that portion of said liability.

Third-party defendant Peat Marwick now moves the Court to dismiss the third-party complaint on the grounds that (1) the allegations of the third-party complaint do not derive from, or relate to, allegations in plaintiff FDIC's complaint as required by Federal Rule of Civil Procedure 14; and (2) the Court lacks subject matter jurisdiction over Loube's third-party claim. Should the Court deny the motion to dismiss, third-party defendant moves the Court to order separate trials or in the alternative to continue the trial date.

## I.

Third-party defendant Peat Marwick contends that third-party plaintiff Loube cannot obtain indemnification from Peat Marwick because the issues alleged in the third-party complaint do not derive from the allegations in the original complaint. Therefore, impleader, under Federal Rule of Civil Procedure 14(a) is improper. Third-party defendant's contention is without merit. The Court denies third-party defendant's motion to dismiss because the third-party complaint is derivative of a portion of the allegations in FDIC's first amended complaint. Therefore, if plaintiff prevails on those allegations, third-party plaintiff may be able to obtain indemnification from Peat Marwick.

Federal Rule of Civil Procedure 14(a) provides in relevant part:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. *Southwest Admrs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.1986). *See also Farmers & Merchants Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670 (10th Cir.1973); *Lambert v. Inryco, Inc.*, 569 F.Supp. 908, 911 (WD Okla.1980); and W. Schwarzer, A. Tashima, & J. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 7:307 at 7–49 (1989). It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff. *Banks v. Emeryville*, 109 F.R.D. 535, 540 (N.D.Cal.1985).

Third-party plaintiff Loube contends that there are two issues in the case between plaintiff and defendant, for which third-party defendant may be derivatively liable: (1) an alleged failure to account properly for anticipated future gain on sale of loans in the secondary market; and (2) an alleged failure to account properly for the temporarily declining market value of certain government securities owned by First Security. These allegations are clearly stated in the Third–Party Complaint and derive from contentions raised in plaintiff's under-

lying Complaint.[1]

Accountants have long been recognized as a skilled professional class subject to the same rules of liability for negligence in the practice of their professions as are members of other skilled professions. *Lindner v. Barlow, Davis & Wood,* 210 Cal.App.2d 660, 665, 27 Cal.Rptr. 101 (1st Dist.1962). An accounting firm acting as an independent auditor owes a duty of care, not only to its client, but to reasonably foreseeable plaintiffs, even those not in privity with or specifically known to the accountants, who rely on the unqualified audited financial statements that have been prepared and issued. *International Mortgage Co. v. John P. Butler Accountancy Corp.,* 177 Cal.App.3d 806, 810, 820, 223 Cal.Rptr. 218 (4th Dist.1986).

Alleged impropriety in the booking of the value of assets is certainly a matter which an independent auditor such as Peat Marwick should legitimately be expected to bring to the attention of its client. Peat Marwick indicated that the booking of the future gain on sale, and carrying value of the government securities, was fully in accordance with generally accepted accounting principles. First Security and its directors reasonably relied upon this information. Accordingly, should plaintiff prevail against defendant on either or both of plaintiff's allegations regarding improper accounting, Peat Marwick may be derivatively liable for such negligence.

## II.

The third-party complaint alleges a sufficient basis for the exercise of this Court's ancillary jurisdiction. Claims under Rule 14 are deemed "ancillary" to the plaintiff's original claim against the defendant. *Owen Equipment & Erection Company v. Kroger,* 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). Ancillary jurisdiction enables a federal court to adjudicate claims by defendants or third parties arising from the same transaction or occurrence as a diversity or federal question claim and which do not themselves meet federal jurisdiction standards. *Blake v. Pallan,* 554 F.2d 947, 956 (9th Cir.1977). Accordingly, no independent basis for jurisdiction is required. Defendant can implead a third party who is a citizen of the same state as plaintiff, *Burke v. Ernest W. Hahn, Inc.* 592 F.2d 542, 545 (9th Cir.1979); or one who is a citizen of the same state as the defendant himself, *United States v. United Pacific Ins. Company,* 472 F.2d 792 (9th Cir.), *cert. denied* 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1973).

In *Danner v. Himmelfarb,* 858 F.2d 515, 521 (9th Cir.1988), *cert. denied* 490 U.S. 1067, 109 S.Ct. 2067, 104 L.Ed.2d 632 (1989), the Ninth Circuit stated the rationale for ancillary jurisdiction:

> Because the court already has jurisdiction over the main claim between plaintiff and defendants, convenience, economy and fairness dictate that it should be able to resolve all other claims arising out of the same transaction or occurrence, or that relate to the property that is the subject matter of the principal action.

Impleader and ancillary jurisdiction are commonly used for claims against a third party for indemnification. *See United States v. Twin Falls,* 806 F.2d 862, 867 (9th Cir.1986), *cert. denied* 482 U.S. 914, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987).

Peat Marwick suggests that a recent Supreme Court decision, *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), calls into question the continued vitality of ancillary jurisdiction. *Finley* held that where a plaintiff brings an action against the United States under the Federal Tort Claims Act, the Act does not provide for *pendent-party* jurisdiction over additional defendants for whom an independent jurisdictional base is lacking. Thus, first, the holding is not necessarily extendable beyond suits against the United States under the FTCA. Second, it applies to the law of pendent, not ancillary, juris-

---

**1.** See FDIC's First Amended Complaint at paragraphs 14, 30, 32, 34, and 69 through 76. See Loube's First Amended Third–Party–Complaint at paragraphs 13, 15, 16, and 17.

diction.[2]

In fact, in *Ellison v. Shell Oil Co.*, 882 F.2d 349 (9th Cir.1989), decided on July 31, 1989, 70 days after *Finley*, the Court held that ancillary jurisdiction existed, citing prior Ninth Circuit precedent, including *United States v. Twin Falls*, 806 F.2d 862 (9th Cir.1986). The same result was reached in *Huberman v. Duane Fellows, Inc.* 725 F.Supp. 204 (S.D.N.Y., 1989), which discusses *Finley* and holds that *Finley* does not cover an ancillary jurisdiction situation; *King Fisher Marine Service Inc. v. 21st Phoenix Corporation*, 893 F.2d 1155, 1165 (10th Cir.) *cert. denied,* — U.S. —, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990), which discusses and distinguishes *Finley;* and *Olan Mills, Inc. v. HyVee Food Stores, Inc.* 731 F.Supp. 1416 (N.D.Iowa 1990). Thus, precedents which support the existence of ancillary jurisdiction in this case continue to be viable after *Finley* which dealt with pendent rather than ancillary jurisdiction.[3]

■ Considerations of efficiency, consistency, and judicial economy support the exercise of ancillary jurisdiction in the case at bar. Even if Peat Marwick were to be dismissed from this action, its personnel who had been involved in the audits of First Security would be deposed in this case. Judicial economy would be impeded by dismissing Peat Marwick, having their personnel undergo non-party depositions, then requiring defendants, in the event they are subject to liability to FDIC arising from the accounting issues, to file a new and separate lawsuit in state court, in the course of which the identical Peat Marwick personnel would have to be deposed, again, on the same issues.

Additionally, it is possible that a U.S. District Court jury may reach one result on the accounting liability issues in this case, while a California Superior Court jury or judge reaches a different and inconsistent result in the separate case.

The accounting issues for gain on sale and value of securities are already within the case between FDIC and Irving Loube. They are going to have to be explored in discovery whether Peat Marwick is presently a party or not. It will not expand the scope of discovery or the litigation to require Peat Marwick to remain as a party.

Common sense and judicial economy weigh overwhelmingly in favor of this Court's exercise of the ancillary jurisdiction established by Federal Rule of Civil Procedure 14.

### III.

■ Third-party defendant Peat Marwick requests this Court to use its discretionary power under Federal Rule of Civil Procedure 42(b) to order separate trials. As discussed above, the interests of judicial economy, efficiency, and consistency make severance of the third-party complaint inappropriate.

■ In the alternative, third-party defendant requests a continuance of the trial date. Discovery cutoff is currently March 1, 1991, and trial is set for April 1, 1991. Third-party defendant argues that he needs additional time to complete discovery adequately. None of the parties has opposed a continuance of the trial date. Defendant/Third–Party Plaintiff supports a brief continuance to allow counsel for all parties to complete discovery and prepare their respective cases adequately. The Court finds that a brief continuance will serve the interests of justice.

Accordingly,

IT IS HEREBY ORDERED that:

---

**2.** "Ancillary jurisdiction" refers to claims by the *defendant or third parties* in either diversity or federal question cases. "Pendent jurisdiction" refers to related, nonfederal claims asserted by the *original plaintiff* against the original defendant or new parties in federal question cases. *See* W. Schwarzer, A. Tashima, & J. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 2:510 at 2C–51 (1989).

**3.** *Finley*'s holding regarding pendent jurisdiction has been overruled by the newly enacted 28 U.S.C. Section 1367, which went into effect on January 1, 1991 and applies to all civil actions commenced on or after the date of enactment. The new act expands the jurisdiction of the U.S. District Courts into a new concept of "supplemental jurisdiction," broader than the former concept of ancillary or pendent jurisdiction.

(1) Third–Party Defendant's motion to dismiss the Third–Party Complaint is DENIED; and

(2) The motion to continue the trial date is GRANTED.