Albert A. VALLERO, Plaintiff,

v.

BURLINGTON NORTHERN
RAILROAD COMPANY,
Defendant.

BURLINGTON NORTHERN
RAILROAD COMPANY,
Third Party Plaintiff,

v.

Rod DORMAN and Stephan Rossell,
Third Party Defendants.

No. 89–1169.

United States District Court,
C.D. Illinois,
Peoria Division.

Nov. 2, 1990.

William G. Jungbauer, Minneapolis, Minn., Nicholas H. Ores, Peoria, Ill., for plaintiff.

John Newell, Chicago, Ill., for defendant.

Brian Mack, Wayne L. Hanold, Peoria, Ill., for third party defendants.

## ORDER

MIHM, District Judge.

Pending before the Court are motions by Third Party Defendants to dismiss both the Third Party Complaint and the Plaintiff's Amended Complaint against them for lack of subject matter jurisdiction. For the reasons stated below, these motions are denied.

## FACTUAL BACKGROUND

On May 6, 1988 a Burlington Northern Railroad ("Burlington") train was traveling eastbound near Kewanee, Illinois. Plaintiff Albert Vallero ("Vallero"), a Burlington employee, was riding in the locomotive of the train. About two miles east of Kewanee, the train collided with a truck which was disabled on the tracks. The truck was owned by Third Party Defendant Rod Dorman ("Dorman") and being driven by Third Party Defendant Stephan Rossell ("Rossell"). This truck had been hauling highly flammable and toxic pesticides which, during the collision, spilled from the truck and ignited. Vallero claims that he was injured from the collision itself and the ensuing exposure to toxic chemicals.

## PROCEDURAL HISTORY

On July 31, 1989, Vallero filed a Complaint against Burlington in this Court. Plaintiff's claim was premised upon the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60, giving this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331. After it had answered this Complaint, Burlington filed a Third Party Complaint under Federal Rule of Civil Procedure 14 against Dorman and Rossell, the owner and driver of the truck. This third party action alleged negligent conduct by Dorman and Rossell and sought contribution under the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, ¶¶ 301–305. Dorman and Rossell answered the third party action without making any jurisdictional objections.

On April 30, 1990, Vallero filed an Amended Complaint, adding claims against Dorman and Rossell to the existing FELA

claim against Burlington. Vallero's direct claims against Dorman and Rossell were, like Burlington's third party claims, simple negligence actions lacking any independent grounds for federal jurisdiction. Dorman and Rossell thereafter filed the pending Motions to Dismiss Vallero's Amended Complaint, arguing that this Court lacks subject matter jurisdiction over the state law based claims against them.

On September 18, 1990, the Magistrate recommended that the Motions to Dismiss Vallero's Amended Complaint be granted and that this case be consolidated with *King v. Burlington Northern, et al.*, 90-4031. While objections to the Magistrate's recommendation were being filed, Dorman and Rossell also filed in this Court the pending Motions to Dismiss Burlington's third party contribution actions for lack of subject matter jurisdiction.

## DISCUSSION

### 1. *Third Party Action*

In its memorandum, Burlington argues two bases for this Court's jurisdiction over the contribution claims against Dorman and Rossell: independent jurisdiction under diversity, 28 U.S.C. § 1332, and derivative jurisdiction under the doctrine of ancillary jurisdiction.

According to the current state of the record, diversity of citizenship seems to be present. Although it did not argue diversity in its original Motion for Leave to File a Third Party Complaint, Burlington now claims that complete diversity exists. Burlington claims that it is a citizen of Delaware and Texas and that Dorman and Rossell are citizens of Illinois. Dorman and Rossell have not objected to these factual assertions. Assuming that Burlington's allegations of the citizenship of the parties are accurate, diversity is present and Burlington's contribution claims could proceed here on that basis, provided that its Third Party Complaint were amended. However, even in the absence of diversity, this Court has the power to hear the third party claims against Dorman and Rossell under the doctrine of ancillary jurisdiction.

■ Ancillary jurisdiction is a doctrine grounded in judicial economy which permits federal courts to hear state law claims provided that they are joined to a federal cause of action. If the state law claim is so closely related to the federal cause of action that the two should be decided together, ancillary jurisdiction allows joinder of the state claim to the federal action.

■■ Ancillary jurisdiction, unlike pendent jurisdiction discussed hereinafter, deals with the joinder of state law claims to federal actions by parties or individuals other than the plaintiff. *See Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 370 n. 8, 98 S.Ct. 2396, 2401 n. 8, 57 L.Ed.2d 274 (1978); *Potter v. Rain Brook Feed Company, Inc.*, 530 F.Supp. 569, 571 (E.D.Cal.1982). Ancillary jurisdiction is proper where the state claim arises from the same aggregate of facts which created the federal claim. This test is generally satisfied in third party contribution actions such as that presented here. *See* 6 Wright and Miller, *Federal Practice and Procedure*, § 1444, at pp. 321–326. Where the impleader of a third party defendant is for contribution for liability in the underlying federal claim, the third party action is derivative of the main claim and therefore within the Court's ancillary jurisdiction. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751–52 (5th Cir.1967).

The Third Circuit has addressed the precise situation presented here in *Pennsylvania Railroad Company v. Erie Avenue Warehouse Company*, 302 F.2d 843 (3rd Cir.1962). In that case, the main cause of action was a FELA claim against a railroad by one of its employees. The defendant railroad brought a third party action against a warehouse company for contribution, a claim having no independent basis for federal jurisdiction. The court found that the contribution claim belonged in federal court under the doctrine of ancillary jurisdiction. *Id.* at 844–45.

■ Similarly, Burlington's contribution claims against Dorman and Rossell belong here. This Court will already be hearing evidence about the collision and what parties were at fault for it. To direct Burling-

ton to take its contribution claims to state court and re-litigate the identical facts and issues not only wastes scarce judicial resources, but risks inconsistent judgments. Ancillary jurisdiction is a doctrine designed to alleviate this handicap, and is properly exercised here.

Therefore, under either diversity or ancillary jurisdiction, this Court has subject matter jurisdiction over Burlington's third party action.

2. *Amended Complaint*

■ Dorman and Rossell also challenge Vallero's direct claims against them for lack of subject matter jurisdiction. They argue that joinder of those state law claims to Vallero's FELA claim against Burlington invokes pendent-party jurisdiction. Exercise of that jurisdictional doctrine here, Dorman and Rossell conclude, is impermissible under *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) and *Lockard v. Missouri Pacific Railroad Company,* 894 F.2d 299 (8th Cir. 1990).

*Finley* held that pendent-party jurisdiction may be exercised by a federal court only where the federal statute creating the main federal claim explicitly authorizes joinder of related state law claims. 109 S.Ct. at 2010. *Lockard* holds that the Federal Employer's Liability Act, the statutory basis for the Plaintiff's main claim against Burlington, contains no such authorization for joinder of related state claims. 894 F.2d at 302.

Vallero counters that this situation involves pendent-claim jurisdiction, not pendent-party jurisdiction, and therefore is governed by *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Gibbs* stands for the proposition that a federal court may hear a state claim filed by a plaintiff in a federal action where the joined state and federal claims "derive from a common nucleus of operative fact." 383 U.S. at 725, 86 S.Ct. at 1138.

The decisive issue here is whether Vallero's cause of action against Dorman and Rossell involves pendent-claim or pendent-party jurisdiction. Once that determination is made, the permissibility of that joinder is governed by clearly enunciated legal standards. If characterized as pendent-party jurisdiction, Vallero's direct claims against Dorman and Rossell may not be heard in federal court because of the absence of authorizing language in the FELA statute. *Finley,* 109 S.Ct. at 2010; *Lockard,* 894 F.2d at 302. However, if characterized as pendent-claim jurisdiction, then Vallero's direct claims against Dorman and Rossell may be heard in federal court, despite the absence of enabling language in the FELA statute, because of its factual nexus to the FELA claim against Burlington. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Traditionally, pendent-party jurisdiction involves the joinder of a state law claim, which is directed against a party not previously in the action, to a federal cause of action. Conversely, pendent-claim jurisdiction traditionally refers to a plaintiff joining a state law and a federal law claim against a single defendant. The situation at bar falls into what has been called "the legal crevasse separating the distinct theories of pendent-claim and pendent-party jurisdiction." *Potter,* 530 F.Supp. at 572.

Vallero's claims against Dorman and Rossell elude easy classification under either of these traditional definitions. Because they were already parties to the action as Third Party Defendants, Dorman and Rossell were not convoked to the lawsuit by Vallero's Amended Complaint. As existing parties to the action at the time Vallero's state law claims were levelled against them, Dorman and Rossell defy description as pendent parties. On the other hand, Vallero's cause of action against Dorman and Rossell does not comfortably fit the notion of a pendent claim, since they were not the object of the federal law based claim as well.

Other federal courts addressing this same situation have found it to involve pendent-claim, and not pendent-party, jurisdiction. *See Ortiz v. United States Government,* 595 F.2d 65 (1st Cir.1979); *Potter v. Rain Brook Feed Company,*

*Inc.,* 530 F.Supp. 569 (E.D.Cal.1982). *But see Alumax Mill Products, Inc. v. Congress Financial Corporation,* 912 F.2d 996 (8th Cir.1990). These courts have determined that, when the individual against whom the related state claim is directed is already before the court as a party, the doctrine of pendent-claim jurisdiction, rather than pendent-party jurisdiction, is implicated.

In *Ortiz,* the court reasoned as follows: We, too, need not reach the difficult question whether the district court would have power under Article III to join a non-federal party as well as hear a non-federal claim ... In the present case, the entity against which the non-federal claim is raised is already a party as the result of the United States' third party complaint which was based upon an independent ground of federal jurisdiction, 28 U.S.C. § 1345 ... True, [the third-party defendant] is not the same party as the one against whom the anchoring federal claim was raised, but we do not think that this fact is by itself particularly significant. [The third-party defendant] is already in the case on the basis of independent federal jurisdiction so there is no need to decide whether pendent power can be stretched to the point of bringing a wholly new, non-federal party into the lawsuit. In the present circumstances at least—and without purporting to decide what the outcome would be were [the third-party defendant] not already a party to the proceedings on a separate federal jurisdictional basis—we hold that the *Gibbs* standards are applicable here.

595 F.2d at 70–71. This analysis is persuasive. It defines pendent-claim jurisdiction as the mirror image of pendent-party jurisdiction, and in so doing, bridges the chasm between the two theories. If pendent-party jurisdiction includes only those state law claims directed against a party not previously in the lawsuit, then pendent-claim jurisdiction must embrace a state law claim directed at any party who was previously named in the lawsuit, whether that party is the original defendant or not. Significantly, the Supreme Court's recent decision in *Finley* supports this dichotomy.

In *Finley,* the Supreme Court reserved pendent-party analysis for those state law claims directed against "parties not named in any claim that is independently cognizable by the federal court." 109 S.Ct. at 2006. Distinguishing pendent-claim jurisdiction from pendent-party jurisdiction, the *Finley* court stated as follows:

[W]e have held, without specific examination of jurisdictional statutes, that federal courts have "pendent" claim jurisdiction—*that is jurisdiction over non-federal claims between parties litigating other matters properly before the Court*—to the full extent permitted by the Constitution. (Emphasis added) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Thus, the "central distinction" between pendent-claim and pendent-party jurisdiction is whether the defendant in the related state law claim is already a party to the federal action. 109 S.Ct. at 2006 n. 2. *Finley* holds that, where the state law claim defendant is already before the court as a party to the federal action, the applicable doctrine is pendent-claim jurisdiction as delineated in *Gibbs.* 109 S.Ct. at 2006.

Thus, the determination of whether Vallero's direct claims against Dorman and Rossell involve pendent-claim or pendent-party jurisdiction turns upon Dorman and Rossell's status before Vallero's direct claims were levelled against them. Dorman and Rossell were already properly before the Court by virtue of Burlington's third party actions—claims possessing federal subject matter jurisdiction under diversity or ancillary jurisdiction as discussed above. Because Dorman and Rossell were already parties to the federal action, Vallero's direct claims against them invoked pendent-claim jurisdiction. As such, those state law claims are appropriately before this Court, even in the absence of authorizing language in the FELA statute, because of their close factual nexus to the FELA action against Burlington.

### 3. Consolidation

The Magistrate's recommendation closes with the suggestion that this case should be consolidated with *King v. Burlington, et al.*, 90–4031, another FELA action arising out of the same accident. Burlington, while not opposed to consolidation of these two cases for discovery, strenuously objects to their consolidation for trial. Dorman joins in this objection. Burlington argues that a joint trial would damage its interests in the *King* case. Burlington notes that, at the *Vallero* trial, it may attempt to show that Vallero himself was negligent in an effort to reduce its own liability. However, as Burlington correctly points out, any showing of negligence on the part of Vallero may work against Burlington in the *King* case since Burlington, as Vallero's employer, might be held liable to King for Vallero's negligence.

 A district court may, in its discretion, order consolidation of two lawsuits when common questions of law or fact predominate. Fed.R.Civ.P. 42(a). However, a court should not order consolidation where the interests of any party would be prejudiced thereby. *United States v. Knauer*, 149 F.2d 519 (7th Cir.1945). Since Burlington's interests could be prejudiced if these two cases were tried jointly, consolidation for trial would be inappropriate. However, the cases should be consolidated for discovery, since they are closely related and no prejudice would result to any party from such a limited consolidation.

### 4. Severance of Third Party Claim

Finally, the Magistrate recommends *sua sponte* that Burlington's third party claims against Dorman and Rossell be severed from Vallero's FELA claims when the case reaches trial. Burlington objects to this recommendation. No party has made a motion for a severance, and consequently no briefs have been filed on the issue, other than Burlington's objection to the Magistrate's recommendation. As this case draws closer to trial, any party desiring such a severance may file an appropriate motion and supporting memoranda to be considered by the Court.

### CONCLUSION

This Court hereby DENIES the Third Party Defendant's Motions to Dismiss the Third Party Complaint and the Plaintiff's Amended Complaint. The Magistrate's recommendation regarding severance is rejected. Further, this Court orders that this case be consolidated with *King v. Burlington, et al.*, 90–4031 for discovery only.