Gilbert BECK, Plaintiff,

v.

COMMONWEALTH EDISON
CO., Defendant/Third
Party Plaintiff,

Thiessen Insulation Co. and Technical
Asbestos Control, Inc., Third–
Party Defendants.

No. 88–3302.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 14, 1992.

Ronald S. Motil, Granite City, Ill., for Gilbert Beck.

Jason L. Johnson, David M. Duree, St. Louis, Mo., David J. Dubicki, Peoria, Ill., for Commonwealth Edison Co.

Frederick P. Velde, Springfield, Ill., H. Allen Yow, Jacksonville, Ill., for Thiessen Insulation Co.

Lee Humphrey, Springfield, Ill., for Technical Asbestos Co.

## OPINION

RICHARD MILLS, District Judge:

Diversity.

■ Can a defendant in a diversity case add additional non-diverse parties to a pending federal case by virtue of a third-party complaint for contribution and indemnity?

Simply put: no.

### I. *Facts*

Gilbert Beck—the Plaintiff and a resident of Missouri—was employed by Technical as an insulator and was working on the construction of a power plant for Commonwealth Edison, an Illinois resident. Commonwealth Edison had also contracted with Thiessen to perform asbestos removal and insulation work. While Beck was working on top of various pipes above the ground at the construction site, he slipped and fell resulting in permanent injuries to his back. Based on diversity of citizenship, Beck brought suit in federal court against Commonwealth Edison pursuant to the Illinois Structural Work Act, Ill.Rev.Stat. ch. 48, ¶¶ 60–69, and common law negligence.

Subsequently, Commonwealth Edison filed a third-party complaint against Technical and Thiessen, pursuant to the Illinois Structural Work Act, Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, ¶ 301 et seq. and common law principles of negligence, because Beck was employed by Technical and it and Thiessen were in charge of the construction work at the plant. Commonwealth Edison, Technical and Thiessen are all residents of Illinois and the complaint did not plead any independent basis for federal jurisdiction.

Technical filed a motion to dismiss Counts III and IV contending that this Court lacked jurisdiction over the claim since the parties were not diverse. The Magistrate Judge submitted his recommendation that Technical's motion to dismiss should be allowed, and after reviewing the parties' objections to the recommendation, this Court adopted it.

Subsequently, Commonwealth Edison filed its motion for reconsideration due to an apparent conflict between this Court's decision and the Peoria division's ruling in *Vallero v. Burlington Northern R.R. Co.*, 749 F.Supp. 908 (C.D.Ill.1990). Also, Theissen filed a motion to dismiss Counts I and II of the third-party complaint for lack of jurisdiction.

The Court first observes that there is no reference in the Federal Rules of Civil Procedure to a "motion to reconsider." The closest provisions in the rules to such a motion are Rule 59(e) (Motion to Alter or Amend a Judgment) and Rule 52(b) (Amendment). Both rules provide that the motion must be made within "10 days after the entry of judgment." Judgment was entered on March 19, 1991 and Commonwealth Edison failed to file its motion to reconsider within the 10 day limit. Nevertheless, because of the apparent conflict within this district and the Seventh Circuit, this Court will consider the motion despite its untimeliness. Furthermore, because this Court's decision regarding the motion to reconsider will directly affect its ruling on Thiessen's motion to dismiss, this Court has decided to consolidate those two motions for the purposes of this opinion.

Both Technical and Thiessen contend that the third-party complaint should be dismissed because the Supreme Court decision in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) precludes the application of pendent and ancillary jurisdiction to claims and parties where no independent basis for federal jurisdiction exists. Commonwealth Edison asserts that *Finley* is only applicable to claims brought pursuant to the Federal Tort Claims Act. Furthermore, even if *Finley* does apply, this case is distinguishable in that the plaintiff in *Finley* was attempting to add defendants to which no independent basis for federal jurisdiction existed, whereas Commonwealth Edison seeks to add third-parties in order to give effect to any potential judgment of the Court, which is permissible under *Finley*.

### II. *Analysis*

Federal courts are courts of limited jurisdiction.

They are empowered to hear only those case that: 1) are within the judicial power of the United States as granted under Article III, section 1 of the Constitution, and 2) have been entrusted to them by a jurisdictional grant by Congress. *Finley*, at 548, 109 S.Ct. at 2006. Federal courts have original jurisdiction in all civil actions involving parties of diverse citizenship and where the amount in controversy exceeds $50,000.[1] 28 U.S.C. § 1332. Once an action is commenced in federal court, Fed. R.Civ.P. 14(a) allows a defending party to file a third-party complaint against an individual who is not a party to the action who may be liable to the defending party for the plaintiff's claim.

█ For many years, courts applied ancillary and pendent jurisdiction to third party claims brought pursuant to Fed.R.Civ.P. 14 when an independent basis for federal jurisdiction was lacking. *Community Coffee Co. v. M/S Kriti Amethyst*, 715 F.Supp. 772 (E.D.La.1989). The doctrine of ancillary jurisdiction permits a court that has jurisdiction over the principal claim to also adjudicate state claims arising out of the same aggregate of facts which are the subject of the federal claim. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Pendent jurisdiction has two components: "pendent-claim" jurisdiction and "pendent-party" jurisdiction. *Harbor Insurance Co. v. Continental Bank Corp.*, 922 F.2d 357 (7th Cir.1990). The Supreme Court has defined pendent-claim jurisdiction as the "jurisdiction over non-federal claims between parties litigating other matters properly before the court." *Finley v. United States*, 490 U.S. 545, 548, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989). Pendent-party jurisdiction has been defined as the "jurisdiction over parties not named in any claim that is independently cognizable by the federal court." *Finley*, at 549, 109 S.Ct. at 2006.[2]

The recent Supreme Court decision in *Finley v. United States* effectively eliminates virtually all nonstatutory pendent-party and ancillary jurisdiction. In *Finley*, the plaintiff brought suit in federal court against the FAA under the Federal Tort Claims Act (FTCA). Almost one year later, the plaintiff moved to amend her complaint by adding claims against other defendants for which no independent basis for federal jurisdiction existed. The district court granted the motion and asserted pendent jurisdiction over the additional claims. The Court of Appeals for the Ninth Circuit reversed and the Supreme Court granted certiorari "to resolve a split among the Circuits on whether the FTCA permits an assertion of pendent jurisdiction over additional parties."

In *Finley*, the plaintiff argued that under the principle established by *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966),—that is, federal courts have jurisdiction over non-federal claims deriving from a common nucleus of operative facts—federal jurisdiction extends to parties not named in any claim that is independently cognizable by the federal court providing the claims arise from the same facts. *Finley*, 490 U.S. at 549, 109 S.Ct. at 2006. The Court rejected the plaintiff's argument because of a fundamental difference between pendent-claim jurisdiction as described in *Gibbs* and pendent-party jurisdiction which the plaintiff was asserting.

---

1. The Court notes that at the time this case was brought, the amount in controversy requirement was $10,000.

2. Some courts explain the difference between ancillary and pendent jurisdiction as follows: "[a]ncillary jurisdiction involves claims made by parties other than the plaintiff, and pendent jurisdiction involves claims asserted by the plaintiff." *Daly v. Demes*, No. 89–C–8634, 1990 WL 205257, at *3, 1990 U.S.Dist. LEXIS 16682, at *3 (N.D.Ill. December 4, 1990) (citing *Aetna Casualty & Surety v. Spartan Mechanical Corp.*,

738 F.Supp. 664, 668 (E.D.N.Y.1990). However, it must be noted that these doctrines have been inconsistently defined and applied. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3523, at 86 (1984). In fact, the Supreme Court has often noted that "there is little profit in attempting to decide ... whether there are any 'principled' differences between pendent and ancillary jurisdiction." *Owen*, 437 U.S. at 371 n. 8, 98 S.Ct. at 2401 n. 8; *Aldinger v. Howard*, 427 U.S. 1, 13, 96 S.Ct. 2413, 2419, 49 L.Ed.2d 276 (1976).

The Court stated that "with respect to the addition of parties, as opposed to the addition of only claims, we will not assume that the full constitutional power has been congressionally authorized, and will not read jurisdictional statutes broadly." *Finley*, 490 U.S. at 549, 109 S.Ct. at 2007.[3] Although the court acknowledged that its ruling would mean "that the efficiency and convenience of consolidated action will sometimes have to be forgone in favor of separate actions in state and federal courts," it nevertheless held that those considerations alone were not enough to extend federal jurisdiction to an "ancillary" claim involving added parties over whom no independent basis for federal jurisdiction existed. *Finley*, at 551–52, 109 S.Ct. at 2007–08.

*Finley* recognizes two exceptions to its holding. District courts may exercise ancillary jurisdiction: (1) "when an additional party has a claim upon contested assets within the court's exclusive control," or (2) "when necessary to give effect to the court's judgment." *Finley*, at 551, 109 S.Ct. at 2008 (citations omitted).

Since *Finley*, the courts in this Circuit have been divided on its application. Commonwealth Edison contends that *Finley* applies exclusively to claims brought pursuant to the FTCA. Some courts have suggested that the holding in *Finley* is specific to the FTCA. *See Daly*, 1990 WL 205257, at *2, 1990 U.S.Dist. Lexis 16682, at *5; *Fidelity & Deposit Co. v. C & A Currency Exchange*, 738 F.Supp. 302 (N.D.Ill.1990). It is the position of this Court that *Finley* is not meant to eliminate pendent-party and ancillary jurisdiction exclusively in cases brought under the FTCA. Rather, the *Finley* holding is that pendent-party and ancillary jurisdiction cannot be applied to allow federal courts to hear claims for which there would not otherwise be an independent basis of federal jurisdiction, and the

FTCA does not permit "the assertion of jurisdiction over any 'civil action' so long as that action *includes* a claim against the United States." *Finley*, 490 U.S. at 554, 109 S.Ct. at 2009 (emphasis in original). This interpretation is consistent with other cases in this district. *See Mechanical Rubber & Supply v. American Saw & Mfg.*, 747 F.Supp. 1292, 1298 (C.D.Ill.1990); *Vallero v. Burlington Northern R.R. Co.*, 749 F.Supp. 908 (C.D.Ill.1990).

### III. *This Case*

■ Having determined that *Finley* is not FTCA specific, this Court must decide how *Finley* affects the case at bar. *Finley* unequivocally states that parties properly before a federal court cannot automatically confer jurisdiction over additional claims *"by or against different parties." Finley*, 490 U.S. at 556, 109 S.Ct. at 2010. Thus, the mere fact that diversity jurisdiction exists between Plaintiff and Commonwealth Edison does *not* itself confer this Court with jurisdiction over the third-party claim for contribution. Because there is no statute which specifically authorizes ancillary jurisdiction over the third-party claim, and since the *Finley* court has now mandated that such statutory authorization is necessary, the third-party action must be dismissed for lack of jurisdiction.

In addition, it is of great significance that in *Finley*, Justice Scalia stated that the Supreme Court desired to draw the jurisdictional line clearly so that Congress could act if it wished to make changes to the clear interpretive rule *Finley* announced. *Finley*, at 556, 109 S.Ct. at 2010. Congress responded by overruling *Finley* through enacting 28 U.S.C. § 1367 which provides that where the federal court has original jurisdiction, it also has supplemental jurisdiction over any claim that is so related to the federal claim that it forms a part of the same case or controversy.[4]

---

**3.** This statement is consistent with the Court's earlier ruling in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) where it stated, "the addition of a completely new party would run counter to the well-established principle that federal courts ... are courts of limited jurisdiction marked out by Congress." *Aldinger*, at 15, 96 S.Ct. at 2420.

**4.** This court notes that 28 U.S.C. § 1367 has no application to this case because this provision was not in effect at the time this case was brought. *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357 (7th Cir.1990).

*Ryan v. Cosentino*, 776 F.Supp. 386 (N.D.Ill.1991). However, § 1367 does not change the holding or effect of *Finley* insofar as it relates to diversity jurisdiction and the addition of non-diverse parties.[5] Thus, it appears that Congress concurs with *Finley's* interpretation of the law regarding pendent-party and ancillary jurisdiction in diversity cases.

Commonwealth Edison contends that *Finley* does not bar its third-party claim because the exceptions to *Finley* apply to this case. This Court disagrees because this case does not involve "contested assets within the court's exclusive control," nor is the third-party action "necessary to give effect to the court's judgment." See *Finley*, 490 U.S. at 551, 109 S.Ct. at 2008. Although it may be necessary for Commonwealth Edison to prosecute its third-party claim in state court, the *Finley* decision made it clear that "convenience of the litigants nor considerations of judicial economy can justify the extension of the doctrine of ancillary jurisdiction." *Finley*, at 552, 109 S.Ct. at 2008 (quoting *Kroger*, 437 U.S. at 376–77, 98 S.Ct. at 2403–04).

### IV. *This District*

Commonwealth Edison also asserts that our holding in this case is in conflict with the Peoria Division's ruling in *Vallero*. In *Vallero*, the plaintiff sued Burlington Northern Railroad (Burlington) for injuries he sustained when the train he was riding on collided with a truck which had stalled on the tracks. Burlington, a non-Illinois resident, filed a third-party complaint for contribution against the driver and owner of the truck who were both Illinois residents. The plaintiff amended his complaint to include claims against the driver and the owner which lacked any independent basis of jurisdiction.

*Vallero* is distinguishable from this case in that the court determined that Burlington's third-party claims were properly before the court because of diversity jurisdiction; therefore *Vallero* was a case where an independent basis for federal jurisdiction existed over the third-party claim and as such was not prohibited by *Finley*. See *Mechanical Rubber & Supply*, at 1298–99. Nevertheless, the *Vallero* court concluded that absent the existence of diversity jurisdiction, it still had the power to hear the third-party complaint under ancillary jurisdiction because of the doctrine of judicial economy. *Vallero*, at 910. Consequently, the court determined that it had pendent-claim jurisdiction over plaintiff's claims against the third-parties because the third-parties were before the court in an independently cognizable claim.

This Court notes that after *Finley*, it was also permissible for the *Vallero* court to exercise ancillary jurisdiction over the third-party claim because of its independent basis for federal jurisdiction. However, this Court must respectfully disagree with the *Vallero* court's reasoning that the doctrine of judicial economy was a proper basis for its exercise of ancillary jurisdiction. *Finley* clearly states that factual similarity and judicial economy cannot justify the extension of ancillary jurisdiction to parties who are not before the court in any independently cognizable claim. *Finley*, 490 U.S. at 552, 109 S.Ct. at 2008. Other than this disagreement with the *Vallero* decision, this Court finds that its ruling does not create a conflict within this district.

### V. *Conclusion*

*Ergo*, Commonwealth Edison's Motion for Reconsideration is DENIED. Thiessen's motion to dismiss is ALLOWED.

---

**5.** 28 U.S.C. § 1367 states in pertinent part:
(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 ... of the Federal Rules of Civil procedure, ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.