Arthur F. PERRIN and Karen J. Perrin, His Wife, Plaintiffs,

v.

OWENS–CORNING FIBERGLAS CORPORATION, et al., Defendants.

OWENS–CORNING FIBERGLAS CORPORATION, Third–Party Plaintiff,

v.

FLINTKOTE COMPANY, Third–Party Defendant.

No. C93–0037.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Nov. 22, 1994.

. R. Todd Gaffney, Finley Alt Smith Schumberg May & Craig P.C., Michael J. Galligan, Timm W. Reid, Michael J. Galligan Law Firm, Des Moines, IA, for plaintiffs Arthur and Karen Perrin.

G. Mark Rice, Adams Howe & Zoss, Des Moines, IA, Maureen A. Munro, W. Russell Welsh, Virginia M. Giokaris, Kansas City, MO, Paul A. Zoss, Federal Public Defender, Des Moines, IA, for ACANDS, Inc., Fibreboard Corp., Owens–Illinois Inc.

William R. Hughes, Jr., Stuart, Tinley, Peters, Thorn & Hughes, Council Bluffs, IA, for Anchor Packing Co., Foster Wheeler Corp., Foster Wheeler Energy Corp.

·David J. Darrell, E. Ralph Walker, Charles J. Kalinoski, Margaret M. Chaplinsky, Brown Winick Graves Donnelly Baskerville & Schoenebaum, Des Moines, IA, for Armstrong World Industries, Inc., Flexitallic Gasket Co., Inc., GAF Corp., A.P. Green Industries, Inc., U.S. Gypsum Co.

Jaki K. Samuelson, Timothy J. Walker, Whitfield & Eddy, Des Moines, IA, Gregory J. Ryan, Denis P. Rischard, Abowitz Welch P.C., Oklahoma City, OK, for Keene Corp.

John D. Ackerman, Eidsmoe Heidman Redmond Fredregill Patterson & Schatz, Sioux City, IA, for Owens–Corning Fiberglas Corp.

Charles D. Hunter, Belin Harris Helmick Tesdell Lamson & McCormick, Des Moines, IA, for Atlas Turner Inc.

Claude H. Freeman, Debra L. Scorpiniti, Grefe & Sidney, Des Moines, IA, for Flintkote Co.

## OPINION and ORDER

MELLOY, Chief Judge.

This is an asbestos exposure case, before the court on motions for summary judgment by defendants Owens Illinois (Doc. 86), filed July 13, 1994, Owens Corning (Doc. 110), filed July 18, 1994, and Fibreboard (Doc. 102), filed July 15, 1994; and motion for

summary judgment filed by third-party defendant Flintkote (Doc. 167), filed October 7, 1994; and Plaintiffs' Application for Adjudication of Law Point (Doc. 107), filed July 15, 1994. The plaintiff's suit names Owens Illinois, Owens Corning and Fibreboard as defendants, alleging harm from exposure to their asbestos products. Flintkote is a third-party defendant, joined in the suit by Owens Corning and Owens Illinois. Mr. Perrin suffers from mesothelioma, a pleural based carcinoma which the plaintiffs claim is caused by exposure to asbestos fibers. The plaintiffs' claims set forth causes of action in negligence, strict liability, breach of warranty and admiralty. The defendants do not dispute the essential facts surrounding the circumstances of the plaintiff's alleged exposure to asbestos; instead, the defendants argue that the plaintiff's evidence, even if true, does not support a reasonable inference that the plaintiff was exposed to the particular asbestos products manufactured by the defendants. The Plaintiffs' Application for Adjudication of Law Point asks this court to shift the burden of proof, on the issue of causation, to the defendants, as done in *Menne v. Celotex Corp.*, 861 F.2d 1453 (10th Cir.1988) and *Lockwood v. AC & S, Inc.*, 109 Wash.2d 235, 744 P.2d 605 (1987).

## Background

The plaintiffs claim that Arthur F. Perrin was exposed to asbestos during his Naval service aboard the USS Floyd B. Parks (DD–884), a Gearing class destroyer. Mr. Perrin served on the Parks as a boiler-tender/fireman from October 1958 until February 1962. The plaintiffs allege that Mr. Perrin was exposed to asbestos during general daily repair and maintenance while stationed on the Floyd B. Parks, and during a major overhaul at the Long Beach Naval Shipyard.

Mr. Perrin testified that his daily general repair and maintenance duties on the Parks involved cutting asbestos insulation away from steam lines in the ship's fire room. One of Mr. Perrin's shipmates testified that, due to the small size of the fire room, there was no way to avoid breathing the asbestos dust created from cutting back insulation. Mr. Perrin also testified that one of his daily jobs was sweeping insulation up from the fireroom floor. He said that the job was dusty, and that he breathed the dust.

To support an inference that the asbestos he was exposed to during these routine daily duties was produced by the defendants, the plaintiff submitted the following evidence. The USS Floyd B. Parks (DD–884) underwent a number of overhauls between the date it was launched, in May, 1945, and the day Mr. Perrins reported on board in October, 1958. The ship was overhauled at Hunter's Point, a/k/a San Francisco Naval Shipyard (SFNS) and Mare Island Shipyard in California. The ship was also overhauled at Long Beach Naval Shipyard (LBNS) in 1959, two years before the plaintiff left the ship. Shipyard workers, each of whom worked at their respective shipyard during the Parks' overhauls, testified that the defendants' asbestos products were in stock at those shipyards when the Parks was in for overhaul. They testified further that the defendants' products were commonly used by shipyard employees performing work on Naval vessels generally. The plaintiff did not offer any evidence or testimony that a particular product was used on the Parks specifically. The plaintiffs argue that such evidence supports a reasonable inference that the defendants' products were in fact installed on the Parks, and that Mr. Perrin was exposed to their products while performing general repair and maintenance on the ship.

The plaintiffs also allege that Mr. Perrin was exposed to asbestos products during the Parks' regular overhaul at LBNS from October 27, 1959 through February 26, 1960. Shipyard workers, who worked at LBNS during the Parks' overhaul, testified that the defendant's products were in stock at the shipyard, and used extensively in work performed on board Naval ships. Again, the plaintiffs did not provide any evidence that a particular asbestos product was used on board the Parks specifically. The plaintiffs argue that such evidence supports a reasonable inference that Mr. Perrin was exposed to the defendants' products during the Parks' overhaul at LBNS.

## Summary Judgment

Summary Judgment is appropriate when, after examining all of the evidence in

the light most favorable to the non-moving party, the Court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Olan Mills, Inc. v. Hy–Vee Food Stores, Inc.,* 731 F.Supp. 1416, 1417 (N.D.Iowa 1990); *Kegel v. Runnels,* 793 F.2d 924, 926 (8th Cir.1986). Once the movant properly supports its motion, the nonmovant must set forth specific facts showing that there is a genuine issue for trial. *Id.;* Fed. R.Civ.P. 56(e). Summary judgment will be entered against a party that fails to make a showing sufficient to establish the existence of an element essential to the party's case. *Johnson Int'l. Co. v. Jackson National Life Ins. Co.,* 19 F.3d 431, 434 (8th Cir.1994).

## Substantive Law

■ This case, before this court based on diversity jurisdiction, is controlled by Iowa law. Under Iowa law, products liability plaintiffs must prove that their injuries were caused by a product that was manufactured or supplied by the defendant. *Spaur v. Owens–Corning Fiberglas Corp.,* 510 N.W.2d 854 (Iowa 1994)(*citing Mulcahy v. Eli Lilly & Co.,* 386 N.W.2d 67, 76 (Iowa 1986)). A product is the legal cause of an injury if it was a "substantial factor" in producing the injury, and if the injury would not have happened except for the conduct. *Spaur,* 510 N.W.2d at 858 (*citing* 1 Iowa Civil Jury Instructions 700.3 (1991); *Johnson v. Interstate Power Co.,* 481 N.W.2d 310, 323 (Iowa 1992)). In asbestos cases, a particular defendant's product is a substantial factor in causing the plaintiff's injuries if there is evidence of 1) exposure to a specific product, 2) on a regular basis, 3) over some extended period of time, 4) in proximity to where the plaintiff actually worked. *Spaur,* 510 N.W.2d at 859 (*citing Lohrmann v. Pittsburgh Corning Corp.,* 782 F.2d 1156, 1162–63 (4th Cir.1986)). Under this four prong "substantial factor" test, a "reasonable inference of exposure", coupled with expert testimony regarding asbestos fiber drift and the cumulative effects of exposure to asbestos, is sufficient to prove proximate cause in the asbestos products liability context. *Beeman v. Manville,* 496

N.W.2d 247, 254 (citing *Lockwood v. AC & S, Inc.,* 109 Wash.2d 235, 744 P.2d 605, 613 (1987)). In this case, since the plaintiff has presented some expert testimony on the cumulative effects of asbestos exposure, the only remaining issue is whether the plaintiffs have alleged specific facts to support a reasonable inference of exposure to the defendants' asbestos products.

## Reasonable Inference of Exposure

■ The Eighth Circuit has applied the *Lohrmann* "substantial factor" test, the same test applied by the Iowa Supreme Court in *Spaur,* in an asbestos case with facts that are remarkable similar to the case at bar. *Jackson v. Anchor Packing Co.* 994 F.2d 1295 (8th Cir.1993). In *Anchor Packing,* the court affirmed summary judgment for the defendants in an asbestos exposure case because the plaintiffs did not produce sufficient evidence that the defendants' products were in proximity to where the plaintiff actually worked. 994 F.2d at 1306. The plaintiff in *Anchor Packing* claimed that he was exposed to the asbestos product Kaylo during Naval service on the USS Boston from 1956 to 1960. *Id.* at 1305. To establish exposure to Kaylo while on the ship, the plaintiff offered the deposition testimony of a shipyard worker who worked at the Norfolk Naval Yard from the 1950's until 1967. *Id.* The shipyard worker testified that Kaylo, among other asbestos products, was regularly used by insulation installers in the Norfolk Naval Yard during the 1950's and 1960's. He also testified that he had installed insulation on the Boston during his career. *Id.* at 1306. The shipyard worker did not testify that he installed Kaylo on the Boston in particular during the plaintiff's service. *Id.* The court, in affirming the district court's entry of summary judgement for the defendant, held that such evidence demonstrates at best a mere possibility that Kaylo may have been used on board the Boston at some point during a nearly two-decade period of time. *Id.* Because Arkansas had not adopted either the "market share" theory of liability or the "alternative liability"[1] theory, the Eighth Cir-

1. The "alternative liability" theory was developed in *Summers v. Tice,* 33 Cal.2d 80, 199 P.2d

cuit held that a mere possibility of exposure was insufficient to survive a motion for summary judgment. *Id.*

The plaintiffs argument against summary judgment relies on a number of cases which are distinguishable from *Anchor Packing*. The plaintiff in *Anchor Packing* could only show that the defendant's products were located at the shipyard, and not on board his ship in particular; thus failing the "proximity" prong of the *Lohrmann* substantial factor test. The plaintiffs in each of the defendant's cases could meet the proximity prong. The evidence in each of the defendant's cases supported an inference that the defendant's asbestos products were located in proximity to where the plaintiff actually worked.[2]

The plaintiffs' evidence in the case at bar is virtually identical to the evidence in *Anchor Packing*. As in *Anchor Packing*, the only evidence linking the defendants' products to use on board the Parks is shipyard workers' testimony that the defendants' products, as well as asbestos products of non-defendant manufacturers, were used on ships in general. Not one of the shipyard workers testified that any of the defendants' products were used on board the Parks specifically. Such testimony merely raises the possibility that Mr. Perrin was exposed to their products. *Anchor Packing*, 994 F.2d at 1306. Because Iowa, like Arkansas has not adopted either the "market share" liability theory of causation, or the "alternative liability" theory, the mere possibility that the Mr. Perrin may have been exposed to the defendants' products is not sufficient to survive this motion for summary judgment. *Id.; Mulcahy*, 386 N.W.2d at 75.

### "Burden Shifting"

■ The plaintiffs request that this court adopt a burden shifting rule, similar to the rule applied in *Menne*, 861 F.2d at 1453, as the law of this case. The *Menne* burden shift rule is a "concurrent liability" modification of the "alternative liability" rule of *Summers v. Tice*. I decline to adopt the rule here because the Iowa Supreme Court does not apply a burden shift rule in asbestos cases, and has also declined to impose similar burden shifting rules in similar situations. *See Spaur*, 510 N.W.2d at 854 and *Beeman* 496 N.W.2d at 247 (asbestos cases decided without shifting the burden of proof); *Mulcahy*, 386 N.W.2d at 76 (rejects a burden shift rule for the "market share liability" modification of *Summers*). Although dicta in *Mulcahy* implied that the Iowa Supreme court might adopt "alternative liability" in an appropriate case, this is not the appropriate case. *Id.* at 76. *Mulcahy* was not an appropriate case to adopt a burden shift rule because the plaintiff could not prove that the conduct of one of the parties caused the injury. *Id.* Similarly, this case is not an appropriate case because the plaintiffs cannot prove that one of the parties caused the injury; in fact, the evidence does not support a reasonable inference that any one of the defendants' products caused the injury.

### Conclusion

The plaintiffs have not set forth specific facts that raise an issue of material fact for trial. Their evidence that the defendants' products were located at shipyards where the Parks was overhauled, and were used by shipyard workers on ships in general, does not support a reasonable inference that the plaintiff was exposed to asbestos from their products.

### Accordingly, **It Is Ordered:**

1 (1948). In *Summers*, the plaintiff was shot by one of two hunters when they fired negligently, and almost simultaneously, in his direction. Although the plaintiff could not prove which of the two defendants caused his injuries, the court held the defendants alternatively liable, shifting the burden of proving which gun caused the injuries to the defendants.

2. *Beeman v. Manville*, 496 N.W.2d 247, 254–55 (Iowa 1993) (denial of directed verdict for the defendant even though the plaintiff was exposed to a product containing only 2% or less asbestos for only two weeks because there was evidence of exposure at his work site); *Martin v. American Petrofina, Inc.*, 779 F.2d 250 (5th Cir.1985) (testimony of co-workers indicated that the defendant's products were located throughout the work site); *Jackson v. Johns–Manville Sales Corp.*, 727 F.2d 506 (5th Cir.1984), (a shipyard worker, exposed to asbestos products while working on ships, produced evidence that the defendant's products were specifically ordered for use on some of the ships he worked on).

1. Summary judgment is granted in favor of defendant Owens Illinois on their motion filed July 13, 1994 (Doc. 86).

2. Summary Judgment is granted in favor of defendant Owens Corning on its motion filed July 18, 1994 (Doc. 110).

3. Summary Judgment is granted in favor of defendant Fibreboard on its motion filed July 15, 1994 (Doc. 102).

4. Summary Judgment is granted in favor of third-party defendant Flintkote on its motion filed October 7, 1994 (Doc. 167).

5. The Plaintiffs' request to adopt a *Menne* style "burden shift" as the law of the case (Doc. 107) is denied.

Done and so ordered.

