68 F.3d 1122
 Karen J. PERRIN, executor of the estate of Arthur F. Perrin;
Karen J. Perrin; Plaintiffs-Appellants,
v.
ACANDS, formerly known as Armstrong Contracting & Supply,
doing business as A C and S, Inc., a Delaware corporation;
Anchor Packing Company, a New Jersey corporation; Armstrong
World Industries, Inc., a Pennsylvania corporation
individually and as successor in interest to Armstrong Cork
Company, and as successor in interest to Armstrong
Contracting & Supply, Inc. (now known as Acands, Inc. d/b/a
A C and S, Inc. in Iowa); Defendants,
Fibreboard Corporation, a Delaware corporation, individually
and as successor in interest to Fibreboard Paper Products
Corp., Pabco Insulation Company, Plant Rubber & Asbestos
Works and Plant Asbestos Co.; Defendant-Appellee,
Flexitallic Gasket Company, Inc., a Delaware corporation;
Foster Wheeler Corporation, a New York corporation; Foster
Wheeler Energy Corporation, a Delaware corporation,
individually and as a subsidiary of Foster Wheeler
Corporation; GAF Corporation, a Delaware corporation,
individually and as successor in interest to the Ruberoid
Company; A P Green Industries, formerly known as A P Green
Refractories Company, Inc., a Delaware corporation; Keene
Corporation, a Delaware and a New York corporation
individually and as successor in interest to Baldwin-Hill
Co., Baldwin-Ehret-Hill, Inc., Ehret Magnesia
Manufacturing Co., the Insulation Division of Mundet Cork
Co., Mundet Co., and as owner of or successor in interest to
Keene Building Products Corporation; Defendants,
Owens-Corning Fiberglas Corporation, a Delaware corporation;
Owens-Illinois, Inc., a Delaware and an Ohio
corporation; Defendants-Appellees,
United States Gypsum Company, a Delaware corporation,
individually and as successor in interest to A P
Green Industries, Inc., formerly known
as A P Green Refractories
Company, Defendant.
Owens-Illinois, Inc., a Delaware and an Ohio corporation;
Third party plaintiff,
Atlas Turner, Inc., Flintkote Company; Third party defendant,
Owens-Corning Fiberglas Corporation; Third party plaintiff,
Flintkote Company; Third party defendant,
Owens-Corning Fiberglas Corporation; Third party plaintiff,
Atlas Turner, Inc.; Third party defendant,
Owens-Corning Fiberglas Corporation; Third party plaintiff,
Pittsburgh Corning, Third party defendant.
 No. 95-1080.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 16, 1995.
Decided Oct. 30, 1995.
 
 Richard Henry Doyle IV, Des Moines, IA, argued (Michael J. Galligan, Timm W. Reid and R. Todd Gaffney, on the brief), for appellant.
 Robert G. Toews, Granville, OH, argued (John D. Ackerman, Sioux City, IA, and Karen I. Ward, Granville, OH, on the brief), for appellee Owens-Corning.
 Virginia M. Giokaris, Kansas City, MO, argued, for appellee Owens-Illinois and Fibreboard.
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Karen J. Perrin, executor of Arthur F. Perrin's estate, brought this tort action against several asbestos manufacturers asserting Arthur's exposure to the manufacturers' asbestos products caused him to contract cancer. Applying Iowa law, the district court granted summary judgment to the asbestos manufacturers, holding Perrin failed to submit enough evidence to raise a reasonable inference that Arthur was exposed to the asbestos products manufactured by the appellees. Perrin v. Owens-Corning Fiberglas Corp., 871 F.Supp. 1092, 1095-96 (N.D.Iowa 1994). Perrin appeals. Reviewing the issue de novo, we conclude the district court correctly applied Iowa law.
 
 
 2
 Perrin's evidence showed Arthur's only exposure to asbestos was during his Naval service as a boiler tender and fireman aboard the U.S.S. Floyd B. Parks, a destroyer. The appellees supplied asbestos-containing products stocked at the various shipyards where the destroyer was overhauled, and the appellees' products were commonly used on Naval vessels in those shipyards. There was no direct evidence that the appellees' products, or any particular products, were used on the destroyer, however. Perrin asserts this evidence is enough to raise a reasonable inference of Arthur's exposure to the appellees' products under Beeman v. Manville Corp. Asbestos Disease Compensation Fund, 496 N.W.2d 247, 254 (Iowa 1993), and Spaur v. Owens-Corning Fiberglas Corp., 510 N.W.2d 854, 858-59 (Iowa 1994). We disagree.
 
 
 3
 Unlike the situation in Beeman, neither Arthur (who was alive when this action was commenced) nor anyone else could state Arthur was exposed to the appellees' products. See 496 N.W.2d at 254. And in Spaur, there was evidence that the appellees' products were used in the plant where the plaintiff worked. See 510 N.W.2d at 860-61. Here, we lack evidence that the appellees' products were used on Perrin's vessel. Instead, the evidence shows possible use. Because Iowa has not adopted market share or alternative liability, "the mere possibility of [the use of the appellees' products] and [Arthur's exposure] does not satisfy [Perrin's] burden of showing probable exposure to [the appellees'] asbestos, much less its causation of [Arthur's] injuries." Jackson v. Anchor Packing Co., 994 F.2d 1295, 1306 (8th Cir.1993) (applying Arkansas law). The district court also properly refused to adopt the burden shifting formula employed under an alternative liability theory in Menne v. Celotex Corp., 861 F.2d 1453, 1464-67 (10th Cir.1988). See 871 F.Supp. at 1096.
 
 
 4
 We affirm the district court. See 8th Cir. R. 47B(4).