925 F.Supp. 646 (1996)
Shirley KRAUS, et al., Plaintiffs,
v.
CELOTEX CORPORATION, et al., Defendants.
No. 4:90-CV-781.
United States District Court, E.D. Missouri, Eastern Division.
May 13, 1996.
*647 *648 Walter L. Floyd, Walter L. Floyd, Inc., St. Louis, MO, Allard Allston, III, Ness and Motley, Barnwell, SC, for plaintiffs.
Robert J. Campbell, Lewis and Rice, Kansas City, MO, for Celotex, Inc., defendant, Carey Canada, Inc., defendant.
Beth Kamp Veath, Brown and James, St. Louis, MO, for Keene Corp.
Joel A. Poole, Kristine K. Kraft, Associate, Polsinelli and White, St. Louis, MO, for Fibreboard Corporation, defendant, Pittsburg-Corning Corp., defendant, Owens-Illinois, Incorporated, defendant.
Charles J. Joley, Michael J. Nester, Donovan and Rose, Belleville, IL, for Eagle-Picher Industries, Inc., defendant.
Kay G. Noonan, Kurt L. Rasmussen, Katherine J. Rodgers, Watson and Marshall, Kansas City, MO, for Owens Corning Fiberglas Corp.
Timothy D. Seifert, Kent L. Plotner, Robert H. Shultz, Jr., Heyl and Royster, Edwardsville, IL, for GAF Corporation, defendant, Armstrong World Industries, Inc., defendant.
Helen Marsh, Mathis and Marsh, Denver, CO, for Manville Corporation Asbestos Disease Compensation Fund, defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This diversity matter is before the Court on defendants Armstrong World Industries, Inc., formerly Armstrong Cork Company ("AWI") and GAF Corporation's motion for summary judgment.[1]

I. Background.

This action was filed in April 1990 by the surviving spouse and six children of decedent Eugene Kraus. Plaintiffs assert claims for statutory wrongful death (Count I) and negligence (Count II).[2] Mr. Kraus was an insulator who plaintiffs claim was exposed to asbestos, asbestos dust and fibers at numerous job sites over a period of many years, from products manufactured, sold or distributed by the various defendants, including AWI. Mr. Kraus developed lung cancer and asbestosis, which caused his death on February 2, 1988.
In August 1991, this case was transferred to the United States District Court for the Eastern District of Pennsylvania for pretrial proceedings as part of Multidistrict Litigation No. 875. The case was ordered remanded for trial on February 28, 1995. The case was set for trial in December 1995 before a United States Magistrate Judge, but trial did not occur. The case was reassigned to the undersigned on March 21, 1996.
Defendant AWI moves for summary judgment, arguing that plaintiffs cannot establish that Mr. Kraus worked with or around any asbestos-containing products manufactured, sold or distributed by AWI. Plaintiffs oppose the motion.

II. Summary Judgment Standard.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is *649 material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986).
Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249, 106 S.Ct. at 2510-11; Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In addition, this Court is "`not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir.1990) (quoting InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)).
In support of the motion for summary judgment, AWI has filed an affidavit and exhibits. In passing on a motion for summary judgment, this Court is required to view the facts set forth in these documents in a light most favorable to the plaintiffs and to give the plaintiffs the benefit of any inferences which can logically be drawn from those facts. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). Moreover, this Court is required to resolve all conflicts in favor of the plaintiffs. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir.1976).
With these standards in mind, the Court turns to the merits of AWI's motion for summary judgment and accepts the following facts as true for purposes of resolving this motion for summary judgment.

III. Facts.[3]
Plaintiffs' decedent Mr. Kraus was an industrial insulator, and a member of Local No. 1 of the Asbestos Workers Union, St. Louis, from 1948 until he was diagnosed with lung cancer in September 1987. Mr. Kraus died in February 1988 at the age of sixty four. Mr. Kraus gave deposition testimony on December 21 and 23, 1987. Mr. Kraus had prepared a four-page work history chart showing jobs on which he had worked with asbestos products, the products used, the manufacturer, seller or distributor of the products, dates of exposure, and persons who had knowledge of exposure at each location. (See Defts.' Ex. A, Mot.Summ.Judgment; Kraus Depo., Vol II, pp. 6-7.)
The work history chart reflects that Mr. Kraus was exposed to Armstrong "L.K. Insulation" in 1967, while working at the Kincaid Powerhouse in Kincaid, Illinois. (Defts.Ex. A, p. 2.) The persons listed as having knowledge of the exposure are Tom Fitzgerald, Owen Tross, Jim Roach, Bob Suter, Dave Seithel, George Shearn, Russ Lowrey, Mike Walsh, Bud Walsh, Larry Walsh and Jim Pourcillie. (Id.)
On the first day of his deposition, Mr. Kraus testified that he recalled working at the Kincaid Powerhouse job. (Kraus Depo., *650 Vol I, p. 39, 11. 9-25; p. 40, 11. 1-16.) Mr. Kraus was asked for the names of products he used on that job. He replied, "What the hell did we use, we were working for Armstrong up there." (Id., 11. 21-22.) Mr. Kraus testified that Armstrong was the general contractor on the job. (Id., 11. 23-24.) Mr. Kraus then stated, "I guess we used their, their products, I really can't remember." (Id., p. 41, 11. 1-2.) The following colloquy ensued:
Q. Okay. Do you remember using any Armstrong products, or you just  I don't want you to guess.
MR. WELSH: I don't want you to lead, objection.
Q. (By Mr. Floyd) Do you remember whether you used any Armstrong products, I don't want you to guess, if you remember.
A. [Mr. Kraus] Well I  definitely I can't remember.
Q. Can't remember, okay, I don't want you to 
A. I just assume, I worked for Armstrong, I assume we used their products.
Q. Okay, but you don't have any independent recollection of that?
A. Pardon?
Q. You don't have any independent recollection of that at this time?
A. No, no.
(Kraus Depo., Vol. I, p. 41, 11. 3-18.)
On the second day of his deposition, Mr. Kraus was asked to explain the work history chart and how he had prepared it. Mr. Kraus stated that he went through his tax returns and copied the year, the employer, and tried to recollect the job. (Kraus Depo., Vol II, p. 6, 11. 12-17.) Mr. Kraus was asked:
A. Now some of those pieces of paper, and I don't mean to go through each one of them, but some of them list some job sites and some products beside them. How did you go about recalling or did you use any aids or assistance in recalling the job sites that you were at, and also the products that you list there?
Q. Well, they concern powerhouses and 
A. Yes?
A. I recall the blocks, and like Manville was on the job, I name that Manville block, Armstrong, Armstrong material.
(Id., p. 6, 11. 20-25, p. 7, 11. 1-5.)
The parties have not identified and the Court cannot glean from Mr. Kraus' deposition any other testimony by Mr. Kraus directly concerning AWI products.
In response to the motion for summary judgment, plaintiffs submit a portion of the deposition testimony of a Mr. Leo Dugo from a case styled Smith v. Eagle-Picher Industries, Inc.[4] Mr. Dugo testified that Armstrong No. 10 Cement and a 66 High Temp Cement made by Eagle-Picher but sold in a bag labeled with an Armstrong logo were used on the Kincaid Powerhouse job.
Plaintiffs also submit various exhibits which tend to show that AWI, or its former wholly-owned subsidiary corporation ACandS, (i) sold products containing asbestos, including products called Armatemp No. 10 and Armatemp No. 166; and (ii) owned a trademark for "Armstrong LK". (See, e.g., Pltfs.' Exs. 9660, 1347.4.) For purposes of this motion, the Court accepts these facts as true.

IV. Discussion.

A. Plaintiffs' Motion to Strike and for Sanctions. As part of their response to AWI's motion for summary judgment filed January 31, 1996, plaintiffs move to strike the affidavit of W.B. King submitted by AWI in support of its motion. Plaintiffs also move for costs and related sanctions for discovery abuse. Plaintiffs contend that during Mr. King's deposition on December 5, 1995, Mr. King was instructed by counsel not to answer plaintiffs' questions more than fifty times. Plaintiffs attach a copy of the entire deposition of Mr. King to their motion, without *651 directing the Court to any particular portion thereof, and state, "A detailed brief will be submitted." (Pltfs.' Mot. to Strike, p. 1.)
There is no supporting brief in the Court file, although plaintiffs "reaffirmed" their request for sanctions in their Supplemental Response to AWI's motion, filed April 30, 1996. Plaintiffs state, inter alia, that AWI filed the affidavit of Mr. King and "then instructed him to stonewall all inquiry into the scope of his knowledge", but did not seek a protective order. (See Pltfs.' Supp.Resp., p. 3.) Plaintiffs seek sanctions pursuant to Rule 37(a)(4), Fed.R.Civ.P.
Local Rule 4.01(A) of the Eastern District of Missouri provides in part that a moving party "shall file with each motion a memorandum in support of the motion, including citations of any authorities on which the parties relies." E.D.Mo.L.R. 4.01(A). The Court concludes that plaintiffs have failed to comply with the requirements of the Local Rules, which alone is a basis for denial of their motion. In addition, Rule 37(a)(4), on which plaintiffs rely, provides for an award of expenses and sanctions following the filing of a motion to compel. Plaintiffs have not filed a motion to compel concerning this matter. Therefore, no sanction is appropriate under Rule 37(a)(4). Moreover, the information provided in the King affidavit is not material to this Court's resolution of AWI's motion for summary judgment. For these reasons, plaintiffs' motion to strike and for sanctions will be denied.

B. AWI's Motion for Summary Judgment.

1. Substantive Law. As jurisdiction of this case is based on diversity of citizenship, the Court applies the substantive law of the forum state in which it sits, Missouri. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Missouri law, a plaintiff must establish a causal connection between the conduct of a defendant and the resulting injury to the plaintiff in order to maintain a negligence cause of action. Zafft v. Eli Lilly & Co., 676 S.W.2d 241, 244 (Mo. banc 1984) (citing Warner v. St. Louis & M.R.R. Co., 178 Mo. 125, 77 S.W. 67 (1903)). To recover in strict liability, as with any tort theory, the "plaintiff must establish some causal relationship between the defendant and the injury-producing agent." Id. Missouri law does not guarantee relief to every deserving plaintiff. Id. at 246. If an injury may have resulted from more than one cause, the plaintiff must show with reasonable certainty that the cause for which a particular defendant is liable produced the injury. If the evidence leaves it to conjecture, the plaintiff's action must fail. Id. (quotation omitted).
In a wrongful death case based on asbestos exposure, the Missouri Supreme Court has stated a plaintiff must establish that a defendant's products directly contributed to the death in order to recover against that defendant. Hagen v. Celotex Corp., 816 S.W.2d 667, 669 (Mo. banc 1991). There must be "evidence that the product of each defendant sought to be held liable was a `substantial factor' in causing the harm." Id. at 670. In this case, AWI argues that plaintiffs cannot establish that its products directly contributed to Mr. Kraus' death.
The Missouri Supreme Court has not addressed the issue of the proper standard of proximate causation in asbestos-exposure cases. Thus, this Court must attempt to predict what that court would conclude if faced with this question. Jackson v. Anchor Packing Co., 994 F.2d 1295, 1301 (8th Cir. 1993) (citing Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967)). As the Eighth Circuit stated in Jackson, courts "have struggled with the appropriate quantum of proof that asbestos plaintiffs should be required to produce in order to submit the issue of causation to a jury." Id. at 1301. Courts recognize a plaintiffs difficulty in proving exposure to a particular defendant's product after many years, and that the product caused the injury. This consideration is balanced against the interest that defendants and states have in maintaining fundamental concepts of proximate cause in tort litigation. Id.
The Eighth Circuit and a majority of courts have adopted the "frequency, regularity, and proximity" standard of proximate *652 causation formulated by the Fourth Circuit in Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir.1986). Under this standard, a particular defendant's product is a substantial factor in causing a plaintiff's injuries in an asbestos case if there is evidence of (i) exposure to a specific product, (ii) on a regular basis, (iii) over some extended period of time, and (iv) in proximity to where the plaintiff actually worked. Id. AWI urges this Court to apply the Lohrmann test to the facts of this case. Plaintiffs' memoranda do not address the issue of the proper standard to apply in this case, but rather cite to the evidence which plaintiffs contend shows Mr. Kraus' contact with AWI's asbestos-containing products.
As stated above, Missouri courts require a tort plaintiff to prove proximate cause whether he is proceeding under negligence or strict liability theories. Zafft, 676 S.W.2d at 244. In an asbestos case, a plaintiff must establish that a defendant's products directly contributed to and were a "substantial factor" in the death. Hagen, 816 S.W.2d at 669-70. In Hagen, the only evidence linking the plaintiff to a particular defendant's asbestos product was an ambiguous exhibit showing that the plaintiff worked with the defendant's product in either 1954 or 1959-71. (The defendant had not manufactured asbestos products after 1958.) The Missouri Supreme Court reversed a verdict for plaintiff, finding the evidence insufficient to establish causation because it provided "no more than equal support for two inconsistent and contradictory propositions". Id. at 669.
It is clear that Missouri law has retained the traditional requirement of proximate cause in tort cases, including those involving asbestos exposure. The Missouri Supreme Court has specifically rejected theories of alternative liability, concert of action liability, industry-wide liability, and market share liability. Zafft, 676 S.W.2d at 244-46. Under these circumstances, the Court concludes that the Lohrmann "frequency, regularity and proximity" test is the correct standard to apply to the issue of causation in this case. Compare Jackson, 994 F.2d at 1301-03 (applying Lohrmann test under Arkansas law, which retains traditional proximate causation requirements); and Perrin v. Owens-Corning Fiberglas Corp., 871 F.Supp. 1092, 1095 (N.D.Iowa 1994), aff'd sub nom Perrin v. ACandS, 68 F.3d 1122 (8th Cir.1995) (Lohrmann test applied under Iowa law, where a product is the legal cause of an injury if it was a "substantial factor" in producing the injury.)
Consequently, to survive the instant motion for summary judgment, plaintiffs must allege specific facts to support a reasonable inference that AWI's asbestos products were used with sufficient frequency and regularity in locations near enough to Mr. Kraus that it is probable his injuries were caused by exposure to AWI's products. See Jackson, 994 F.2d at 1303; Perrin, 871 F.Supp. at 1095-96. Because Missouri has not adopted the market share theory of liability or alternative liability, the mere possibility of exposure is insufficient to survive a motion for summary judgment. Jackson, 994 F.2d at 1306; Perrin, 871 F.Supp. at 1096.
2. Inference of Exposure. The plaintiffs' evidence of exposure in this case is limited. As detailed above in the facts section, plaintiffs assert that Mr. Kraus was exposed to AWI products at the Kincaid Powerhouse job only. At his deposition, Mr. Kraus could not actually recall whether AWI products were used on the Kincaid Powerhouse job, but he assumed they were because Armstrong was the general contractor on the job. A Mr. Dugo testified in another case that certain asbestos-containing AWI products were used on the Kincaid Powerhouse job, but there is no evidence concerning the frequency or regularity of these products' use, or Mr. Kraus' exposure to them. Cf. Slaughter v. Southern Talc Co., 949 F.2d 167 (5th Cir.1991) (summary judgment for defendant denied where evidence showed that defendant's asbestos product was installed "all over" a plant, and the plaintiffs testified they worked near insulated pipes and had regularly been covered with asbestos dust.)
Plaintiffs have failed to submit any evidence that Mr. Kraus was exposed to a specific AWI product on a regular basis, over some extended period of time, in proximity to where he actually worked. See Lohrmann, 782 F.2d at 1162-63. Thus, this Court has *653 no factual basis from which it could infer that Mr. Kraus ever worked near or with AWI products, or quantify the amounts of those products or the length of exposure. Plaintiffs' evidence that AWI's products were used at the Kincaid Powerhouse job does not support a reasonable inference that Mr. Kraus was exposed to asbestos from those products, much less that AWI products caused his injuries and death. Because plaintiffs have not set forth specific facts which raise an issue of material fact for trial, defendant AWI's motion for summary judgment should be granted.
Accordingly,
IT IS HEREBY ORDERED that defendants Armstrong World Industries, Inc. and GAF Corporation's motion for summary judgment is GRANTED. [Doc. 30]
IT IS FURTHER ORDERED that plaintiffs' motion to strike the affidavit of W.B. King and for costs and related sanctions is DENIED. [Doc. 89-1, 89-2]
IT IS FURTHER ORDERED that the parties' requests for oral argument on these motions are DENIED as moot.
IT IS FURTHER ORDERED that all other pending motions filed by defendants Armstrong World Industries, Inc. and GAF Corporation are DENIED as moot. [Doc. 61, 62, 63, 65-1, 65-2, 66, 67]
An appropriate partial summary judgment will accompany this memorandum and order.

PARTIAL SUMMARY JUDGMENT
In accordance with the Memorandum and Order of this date and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that defendants' GAF Corporation and Armstrong World Industries, Inc.'s motion for summary judgment is GRANTED.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment is entered in favor of defendants GAF Corporation and Armstrong World Industries, Inc. and against plaintiffs.

ORDER
This matter is before the Court sua sponte. The parties appeared before the Court at a status conference on April 23, 1996. At that time, the parties represented that some of the numerous motions in limine filed were moot. The parties agreed to provide the Court with a memorandum listing those motions in limine which will require ruling by the Court. To date, the Court has not received the parties' memorandum.
IT IS HEREBY ORDERED that plaintiffs and defendants Pittsburgh-Corning Corp. and Owens-Illinois, Inc. shall file by May 24, 1996 their joint memorandum listing motions in limine which require ruling by the Court. The parties shall send a courtesy copy directly to chambers.
NOTES
[1] Plaintiffs concede that defendant GAF Corporation is entitled to summary judgment. See Plaintiffs' Supplemental Response to Armstrong World and GAF Motion(s) for Summary Judgment, p. 3, ¶ 9. Accordingly, summary judgment will be entered in favor of defendant GAF and this memorandum will discuss only defendant AWI's motion for summary judgment.
[2] On October 2, 1990, plaintiffs voluntarily dismissed without prejudice the fraud and Federal Hazardous Substance Act claims of Count II and their conspiracy claim in Count III.
[3] The Court notes that neither AWI nor plaintiffs have provided a statement of the facts of this case as part of the summary judgment motion or response thereto. These facts are taken from the parties' joint status report and the exhibits and documents attached to the summary judgment memoranda.
[4] Plaintiffs do not state in which court the Smith v. Eagle-Picher case was filed. Plaintiffs have provided the Court with two pages of Mr. Dugo's deposition. See Ex. A to Plaintiff's Response to Defendant Armstrong World Industries, Inc.'s Motion for Summary Judgment (filed June 7, 1991).